LINN & LANE TIMBER CO. et al. v. UNITED STATES.

UNITED STATES v. SMITH et al.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1913.)

Nos. 1,972, 1,973.

LIMITATION OF ACTIONS (§ 100*)—SUIT TO CANCEL PATENTS—LIMITATION.

The limitation of six years prescribed by Act March 3, 1891, c. 561, § 8, 26 Stat. 1099 (U. S. Comp. St. 1901, p. 1521), for suits by the United States to annul patents to lands, in case of suits based on fraud, where the fraud has been purposely concealed, does not begin to run until it is discovered.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

On petition for modification of decree. Decree amended.

For former opinion, see 196 Fed. 593.

John Lind, A. Ueland, and W. M. Jerome, all of Minneapolis, Minn., and John M. Gearin, of Portland, Or., for appellants Linn & Lane Timber Co.

John McCourt, U. S. Atty., of Portland, Or.

Vaile, McAllister & Vaile, of Denver, Colo., amici curiæ.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

PER CURIAM. This case came on for rehearing upon motion of the district attorney of the United States for an amendment of the decree of this court rendered on May 20, 1912, the decision wherein is reported in Linn & Lane Timber Co. v. United States, 196 Fed. 593, 116 C. C. A. 267.

The motion is based upon the expression of the views of this court in that part of the opinion in which additional ground was found for sustaining the conclusion of the court below as to the lands which were patented on August 12, 1902; that court having found that as to those lands the suit was not barred by the statute of limitations. This court sustained the court below in that conclusion, principally upon the ground that the Linn & Lane Timber Company and C. A. Smith were one and the same; the corporation belonging to him, and organized by him for no other purpose than to conceal therein the title to the lands which were conveyed to it. The additional ground which this court found for sustaining the court below was that the fraud complained of in the bills had been concealed by the defendants, and had not been discovered by the plaintiff until long after the date of the patents, and that the suits had been commenced within the period of six years after such discovery of fraud.

It is now urged that upon the opinion of this court so expressed, the United States, which also appealed from the decree of the court below, was entitled to a decree setting aside all the patents involved in the suits, including those for which patents issued on July 9, 1902,

and in support of that view we are referred to the recent decision of the Circuit Court of Appeals for the Eighth Circuit in United States v. Exploration Co., Ltd., 203 Fed. 387, which is in line with the views of this court so expressed.

Upon a careful reconsideration of the authorities we are of the opinion that the fraud of the defendants, as alleged in the bills and shown by the facts, was sufficient to toll the statute of limitations as to all the lands involved in the suits. The fraud not only antedated the patents, but after the patents were issued fraudulent conveyances were made, and concealed and kept from record, obviously for the purpose of covering up the prior fraudulent transactions.

We find it unnecessary to express an opinion upon the question whether the court below was in error in holding that the suits were not brought as to the defendant Smith until July 27, 1908, the date of the order directing substitution of service upon him, and that as to him the suits were not begun on May 25, 1908, when subpœnas ad respondendum were issued as against him as well as the other defendants, and placed in the hands of the United States marshal for service.

The decree of this court will be amended in accordance with the motion. The causes will be remanded to the court below to enter decrees for the United States as to all the lands sued for in both suits.