### UNITED STATES v. BELLINGHAM BAY IMPROVEMENT CO. et al.

(Circuit Court of Appeals, Ninth Circuit. June 5, 1922. Rehearing Denied August 7, 1922.)

No. 3271.

Public lands ⟨⟩120—Suit for cancellation of patents held not barred by limitation.

Where patents to public land as mining claims were procured by fraud and on perjured evidence, the real purpose being to secure title to a valuable water power site, and the deception was continued by subsequent conveyances of the land as mining claims, the United States is justified in relying on the showing made, without independent investigation, and where the fraud was not discovered within the six-year period of limitation prescribed by Act March 3, 1891, c. 561, § 8 (Comp. St. § 5114), that statute does not bar a suit for cancellation of the patents, which may be maintained against the patentee and any subsequent grantee with knowledge of the fraud.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by the United States against the Bellingham Bay Improvement Company and others. Decree for defendants, and complainant appeals. Reversed and remanded.

See, also, 215 Fed. 436.

The United States brought this suit against the Puget Sound Traction, Light & Power Company and other appellees, to cancel a land patent issued in 1904 to P. B. Cornwall, and to annul mesne conveyances and mortgages, and for other relief. The District Court dismissed the complaint on the ground that the action was barred by the statute of limitations. U. S. Comp. St. §§ 4901–5114. The United States appealed. As stated in the complaint, the facts alleged are as follows:

Certain pretended lode mining claims, constituting a group located in the Mt. Baker mining district, in Washington, are so situated with relation to the flow of the Nooksack river as to make the stream useful to generate power. The 66 acres involved were within the boundaries of the Washington National Forest as proclaimed by the President of the United States (29 Stat. p. 904), and have great value for power site uses. In 1902 Cornwall and others fraudulently pretended to make mineral discoveries upon each of the claims, and caused to be filed fraudulent notices of mining locations upon the lands, which were nonmineral in character, and no discoveries of mineral ever were made thereon, as required by section 2320 of the Revised Statutes (Comp. St. § 4615). In execution of his scheme Cornwall afterwards caused conveyances of the lands to be made to himself, having in mind utilizing the water power of the Nooksack river and the power sites, and fraudulently pretended to per-

form such acts· as were necessary under the public land laws and the rules of the General Land Office to secure title. It is alleged that the United States relied upon the pretended good faith of the locators, and upon the representations made with reference to the acts done and performed preliminary to the issuance of the patent.

The specific fraudulent acts charged are: That in November, 1902, Cornwall made a power of attorney to one Donovan, authorizing him to apply for patent to the pretended mining claims; that in 1903 Cornwall caused Donovan to verify application for patent and file the same; that Cornwall falsely represented that certain labor had been performed on the claims for the mineral development of the lodes therein contained; that he represented that the claims ·contained ore containing gold; that he represented that the grade and quantity of ore made the lands more valuable for mineral than for other purposes, and that the claims had been located in accordance with the mining laws of the United States, whereas all the representations were false, and known to be false by Cornwall, when he made them and applied for patent.

The United States pleads reliance upon and belief in the representations, and, having no knowledge or information to the contrary, patent to Cornwall was issued on June 30, 1904; that in 1903 Cornwall and wife, with fraudulent purpose, conveyed to the defendant Bellingham Bay Improvement Company, which took with full knowledge of the fraudulent acts and representations complained of, well knowing them to be false, and in September, 1905, that company conveyed ·to one Stearns, who received with full knowledge of the fraud complained of; that in December, 1905, Stearns conveyed to the defendant Whatcom County Railway & Light Company, which received with full knowledge of the fraud complained of, and on September 3, 1912, fraudulently conveyed to the defendant Puget Sound Traction, Light & Power Company, which took with full knowledge of the fraud, and is now the owner. It is alleged that, for the purpose of concealing from the United States the fraud in securing the issuance of the patent, Cornwall and the Bellingham Bay Improvement Company and Stearns, in November, 1905, caused to be put on record in Whatcom county, Wash., conveyances of the property, describing the same as mining property, and that, to carry out the pretense that the property was in fact mineral, Stearns and the Whatcom County Railway & Light Company in December 1905, caused conveyances of the property described as mining property to be recorded. In 1905 the defendants commenced to construct a power plant and to generate power from Nooksack river on the lands involved, and completed the structures and appliances prior to 1906, and upon conpletion the Bellingham Bay Company, appellee, constructed a line of power conduits from the mining claims located as described, to the city of Bellingham, and that the defendant Puget Sound Company, a public service corporation, is using the lines for power plant and commercial uses, and of this the United States knew nothing until 1910. Cornwall is alleged to have falsely represented that certain mining improvements had been made in good faith upon the lands and that all the assessment work had been done; whereas, all such work was not done to develop the mining claims, but for the secret purposes of preparing the lands for subsequent use for water power sites and the construction of the power plant, and the acts of the defendants were done with the intent to secrete and conceal the true purposes of the defendants, and each of them.

The government had no knowledge or report or notice of the true character of the lands before patent was issued, and until 1910 remained in ignorance of the fraud and of the uses to which the lands were put. It sets forth it had no funds to maintain an adequate system of espionage over its granted lands, and consequently took no steps to keep advised of the use of the granted lands or improvements thereon after patent issued, and in 1910 first ascertained that the lands were nonmineral and were being used for commercial purposes. Defendants Cornwall, Bellingham Bay Improvement Company, Stearns, or Whatcom County Railway & Light Company never applied for a permit under any law of the United States to construct a power plant, and the United States has been prevented from using its property as contemplated by law.

S. W. Williams, Sp. Asst. to Atty. Gen.

James B. Howe, of Seattle, Wash., and Clinton W. Howard, of Bellingham, Wash., for appellees.

Before ROSS, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The question presented is whether the court erred in ruling that the suit was barred by the statute of limitations. Under the doctrine of United States v. Diamond Coal & Coke Co., 255 U. S. 323, 41 Sup. Ct. 335, 65 L. Ed. 660, we are of the opinion that the complaint states a cause of action to which the defendants must plead. The allegations make it plain that in 1904 Cornwall obtained patent through deception and perjury, and thereafter all the conveyances set forth were made with knowledge of the fraudulent acts of Cornwall. The facts that the Puget Sound Traction, Light & Power Company did not receive conveyance until September, 1912, which was more than 26 months after the statute of limitations had run, and more than 8 years after patent was issued, and that the use of the property was for water power purposes by a public service corporation, have had attentive consideration.

We do not fail to recognize that the bar of the statute of limitations is effectual, unless the facts and circumstances are such that they have given rise to an equitable principle which must be applied. Exploration Co. v. United States, 247 U. S. 435, 38 Sup. Ct. 571, 62 L. Ed. 1200; Linn & Lane Timber Co. v. United States, 196 Fed. 593, 116 C. C. A. 267; Id., 203 Fed. 394, 121 C. C. A. 498. Not only was the fraud conceived in the original acts of Cornwall and the locators, but in 1905 conveyances of the property as mining claims were made with the purpose of concealing the true character of the lands, and concealing the truth from the United States. The government, relying upon the representations, was deceived by them, and acting upon the belief that the ground was mineral, and that the representations in the application for patent were made in good faith, conveyed the land, and as a result of the acts of concealment done in order to conceal, the officers of the United States had no knowledge of the facts until 1910. We are not prepared to hold that, where patent for lands is issued upon an ex parte or a passive showing, the government cannot afterwards rely upon the truth of the showing made for the issuance of the patent, but must investigate as to what uses may be made of lands included in the patents issued. United States v. Minor, 114 U. S. 233, 5 Sup. Ct. 836, 29 L. Ed. 110. As to the original fraudulent grantee, the remedy of the United States would be complete, and why should it not be afforded as against those who have purchased with actual knowledge of the facts constituting the original imposition consummated by fraud, and where the buyer knows that the ignorance of the fraud has been produced by intentional efforts of the guilty persons in concealing the truth from the government? Bailey v. Glover, 21 Wall. (88 U. S.) 342, 22 L. Ed. 636.

Defendants should answer, and here, as in the Diamond Coal Company Case, supra, avert what the Chief Justice characterized as the "danger of wrong to result from a final determination of the cause up-

on mere inference without proof." The decree must be reversed, and cause remanded, with directions to set aside the decree of dismissal and the motions to dismiss, and for further proceedings in conformity to this opinion.

Reversed and remanded.