## UNITED STATES v. CHRISTOPHER.[*]

### No. 997.

Circuit Court of Appeals, Tenth Circuit.

June 29, 1934.

Thomas J. Morrissey, U. S. Atty., and Ivor O. Wingren, Asst. U. S. Atty., both of Denver, Colo.

James T. Locke, of Canon City, Colo., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is an equitable action to cancel a patent issued under the homestead laws of the United States conveying to Frank Christopher 325.02 acres of nonmineral, nonirrigable land situated in Fremont county, Colo. On June 7, 1932, the court dismissed the bill of complaint because it was filed more than six years after the patent issued. The order expressly granted permission to file an amended bill within thirty days from that date. On August 9, 1933, about fourteen months thereafter, during a subsequent term of the court, an amended bill was tendered in which it was alleged that at the time the entryman submitted his application for homestead entry in 1916, he falsely and fraudulently stated under oath that he was not then the proprietor of more than 160 acres of land; that in fact he was then the proprietor of an undivided half interest in 720.90 acres of land likewise situated in Fremont county; that in accepting the application and in issuing the patent, dated November 28, 1921, plaintiff relied and acted upon the statement thus made; that defendant concealed the facts and kept plaintiff, as well as its officers and agents having or exercising authority in the premises, ignorant of them until in June, 1928, at which time plaintiff discovered a deed of record in Fremont county conveying such half interest in the 720.90 acres to defendant; that such deed was filed for record in May, 1914, and had been of record since that time; that at all times since the discovery of the deed, the Department of the Interior, having jurisdiction of such matters, had been continuously and diligently engaged in the investigation and ascertainment of the facts and in the preparation and institution of this action. The court entered an order per-

*Rehearing denied 72 F.(2d) 375.

mitting the amended pleading to be filed, and dismissing it for the reason that the cause of action pleaded therein was barred by the statute of limitation. The case is here to review that action.

A motion to dismiss the appeal was interposed because it appears from the face of the record that the order of dismissal entered in June, 1932, was a final one; that the amended bill was not filed within the permitted 30-day period; that the dismissal became final at the expiration of that time and the court was without jurisdiction thereafter during a subsequent term to permit the filing of the pleading. Decision of the question thus presented is unnecessary since, for the reasons presently reviewed, the court correctly dismissed the amended bill, and in doing so made proper final disposition of the case.

■ It is provided by statute that a suit having for its purpose the cancellation of a patent must be instituted within six years after the date on which the patent issued. 43 USCA § 1166. But the statute is subject to the equitable rule repeatedly declared in the adjudicated cases that if fraud, either active or passive, is committed in connection with the issuance of a patent and it is concealed overtly, or is effected in such manner as to be self-concealing, the statute runs from the date upon which the government, without fault or want of diligence on its part, discovers the fraud or through the exercise of reasonable diligence could make the discovery. Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636; Kirby v. Lake Shore & M. S. Railroad, 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569; United States v. Minor, 114 U. S. 233, 5 S. Ct. 836, 29 L. Ed. 110; Exploration Co. v. United States, 247 U. S. 435, 38 S. Ct. 571, 62 L. Ed. 1200; United States v. Diamond Coal & Coke Co., 255 U. S. 323, 41 S. Ct. 335, 65 L. Ed. 660; Linn & Lane Timber Co. v. United States (C. C. A.) 196 F. 593; Id. (C. C. A.) 203 F. 394, affirmed 236 U. S. 574, 35 S. Ct. 440, 59 L. Ed. 725; United States v. Bellingham Bay Imp. Co. (C. C. A.) 281 F. 522; Id. (C. C. A.) 6 F.(2d) 102; United States v. Albright (D. C.) 234 F. 202; United States v. Booth-Kelly Lbr. Co. (D. C.) 246 F. 970; United States v. Woolley (D. C.) 262 F. 518; United States v. So. Pac. R. Co. (D. C.) 11 F.(2d) 546.

■ Plaintiff seeks to invoke that rule by alleging that the fraud was concealed and not discovered until in June, 1928. The effort must fail for two reasons. First, it is necessary in a case of this kind to plead specifically and with reasonable certainty the manner in which the fraud was effected, the steps taken to achieve secrecy, or the self-concealing nature of the fraudulent scheme. The amended bill fails to do that. It is merely alleged in general terms that the facts were concealed and that the government, as well as its officers and agents, were kept in ignorance. Neither the manner in which that was done, the steps taken to effect the result, nor the self-concealing nature of the method, is set forth even in a fragmentary way. The pleading fails to meet this well-recognized requirement of law. Stearns v. Page, 7 How. 819, 12 L. Ed. 928; Moore v. Greene, 19 How. 69, 15 L. Ed. 533; Beaubien v. Beaubien, 23 How. 190, 208, 16 L. Ed. 484; Badger v. Badger, 2 Wall. 87, 17 L. Ed. 836; Godden v. Kimmell, 99 U. S. 201, 211, 25 L. Ed. 431; Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Wollensak v. Reiher, 115 U. S. 96, 101, 5 S. Ct. 1137, 29 L. Ed. 350; Felix v. Patrick, 145 U. S. 317, 12 S. Ct. 862, 36 L. Ed. 719; Bates v. Preble, 151 U. S. 149, 14 S. Ct. 277, 38 L. Ed. 106; St. Paul, S. & T. F. Ry. Co. v. Sage (C. C. A.) 49 F. 315; Harper v. Harper (C. C. A.) 252 F. 39; Freeman v. Hopkins (C. C. A.) 32 F.(2d) 756; Anderson v. Gailey (D. C.) 33 F.(2d) 589. Second, ordinarily the government may rely upon the truth of the statements made by a homestead entryman in connection with his application—United States v. Minor, supra; United States v. Bellingham Bay Imp. Co. (C. C. A.) 281 F. 522; United States v. So. Pac. R. Co., supra—but it may not do so for the purpose of tolling the statute if the asserted fraudulently concealed or secreted facts are matters of public record in the county in which the land embracing the homestead entry is situated and constitute constructive notice of their existence. The deed conveying to defendant an undivided half interest in the 720.90 acres of land was of record at the time the affidavit was submitted, at the time the patent issued, and at all subsequent times. Both tracts of land are situated in the same county. The public record of the deed, constituting constructive notice, fails to indicate deception, concealment, secrecy, or suppression of facts. On the contrary, it reflects avowed ownership throughout the period in question. No excuse for failing to learn the facts earlier than 1928 is set forth in the amended complaint. Discovery does not mean resort at leisure to known sources of information. Possession of the means of knowledge is tantamount to knowledge itself. One having reasonable opportunity at hand for knowing essential facts will not be heard to assert that they were unknown. The stat-

ute cannot be tolled in the circumstances by the naked allegation that the facts were fraudulently concealed and suppressed. Wood v. Carpenter, supra; Norris v. Haggin, 136 U. S. 386, 392, 10 S. Ct. 942, 34 L. Ed. 424; Pearsall v. Smith, 149 U. S. 231, 13 S. Ct. 833, 37 L. Ed. 713; Williamson v. Beardsley (C. C. A.) 137 F. 467; Redd v. Brun (C. C. A.) 157 F. 190; Walker v. Soule, 138 Mass. 570.

The government seeks to circumvent the self-imposed bar to the institution of a suit of this kind more than six years after the date on which the patent issued. To do that, it must specifically allege facts showing that its failure to act within the prescribed period was not due to negligence or want of diligence on its part in ascertaining the facts. Such allegations are not found here. Although the submission of a false affidavit in connection with an application for homestead entry should meet with stern condemnation, for the reasons stated the court rightly dismissed the amended bill.

Affirmed.