326 F.2d 575
 WESTINGHOUSE ELECTRIC CORPORATION, Allis-Chalmers Manufacturing Company, Federal Pacific Electric Company, I-T-E Circuit Breaker Company, General Electric Company, Appellants,
v.
PACIFIC GAS AND ELECTRIC COMPANY, Appellee.
OHIO BRASS COMPANY et al., Appellants,
v.
SOUTHERN CALIFORNIA EDISON COMPANY, Appellee.
 No. 18418.
 No. 18419.
 United States Court of Appeals Ninth Circuit.
 January 6, 1964.
 
 Walker, Wright, Tyler & Ward, Irving M. Walker, Don F. Tyler and W. A. Caldecott, Los Angeles, Cal., for the appellant Allis-Chalmers Mfg. Co.
 Loeb & Loeb, Alfred I. Rothman, John L. Cole, and Robert A. Holtzman, Los Angeles, Cal., for appellant Federal Pacific Elec. Co.
 McCutchen, Black, Harnagel & Shea, Harold A. Black, Los Angeles, Cal., Morris M. Doyle, San Francisco, Cal., G. Richard Doty, Los Angeles, Cal., and John N. Hauser, San Francisco, Cal., for appellant General Elec. Co.
 Swerdlow, Glickbarg & Berkowitz, Harry B. Swerdlow, Irving A. Shimer, and Allan Albala, Beverly Hills, Cal., for appellant Westinghouse Elec. Corp.
 Adams, Duque & Hazeltine, and Lawrence T. Lydick, Los Angeles, Cal., for appellant I-T-E Circuit Breaker Co.
 Lawler, Felix & Hall, Marcus Mattson and R. F. Outcault, Jr., Los Angeles, Cal., Richard H. Peterson, Frederick T. Searls, and Philip A. Crane, Jr., San Francisco, Cal., for appellee Pacific Gas & Elec. Co.
 Gibson, Dunn & Crutcher, Julian O. Von Kalinowski, and Richard H. Wolford, Los Angeles, Cal., for appellants A. B. Chance Co., Lapp Insulator Co., Inc., McGraw-Edison Co., Ohio Brass Co., The Ohio Brass Co., and The Porcelain Insulator Co.
 Newlin, Tackabury & Johnston, Frank R. Johnston, and Hudson B. Cox, Los Angeles, Cal., for appellant H. K. Porter Co.
 Lawler, Felix & Hall, Marcus Mattson, and R. F. Outcault, Jr., and Rollin E. Woodbury, Los Angeles, Cal., for appellee Southern California Edison Co.
 Before BARNES, JERTBERG and KOELSCH, Circuit Judges.
 KOELSCH, Circuit Judge.
 
 
 1
 These are several of the vast number of civil anti-trust suits commenced against a number of manufacturers of electric products as an aftermath of the Government's criminal prosecutions in Philadelphia. They are here on appeal from interlocutory orders of the district court.
 
 
 2
 At this time they tender a single issue of law, namely, does the fraudulent concealment of the existence of a cause of action based upon § 4 of the Clayton Act, 15 U.S.C. § 15, toll the four-year statute of limitations provided in §§ 4B and 5(b) of the Act as amended by 15 U.S.C. §§ 15b and 16(b)? Although this question has not previously been before this court, four other courts of appeal have recently passed on it.[1] All have answered in the affirmative.[2] Many of the contentions by these same appellants were previously made and passed upon in the cited cases where they received full exposition. Since we also conclude that the answer to the question is "yes," and for essentially the same reasons given by the other circuits, we shall refrain from an extended discussion of the various arguments urged upon us.
 
 
 3
 Capsulizing briefly, the other Courts of Appeals found there was a well enunciated and long standing federal judicial doctrine that operated to toll statutes of limitation in instances where a wrongdoer fraudulently concealed his misconduct from his victim. They then applied to suits such as those before us Justice Frankfurter's now famous dictum that "This equitable doctrine is read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). The Second Circuit held that it would take congressional action to overcome this implicit principle. Atlantic City Electric Co. v. General Electric Co., supra, note 2, 312 F.2d at 240. The Eighth Circuit opined that Congress itself intended that the fraudulent concealment exception be read into the statute. Kansas City, Missouri v. Federal Pacific Electric Co., supra, note 2, 310 F.2d at 277. The Tenth Circuit found that Congress rejected only so-called "discovery bills"[3] rather than legislation that would stay limitations in cases involving fraudulent concealment. Public Service Co. of New Mexico v. General Electric Co., supra, note 2, 315 F.2d at 310. The Seventh Circuit in the main followed the rationale of the other three circuits. Allis-Chalmers Manufacturing Co. v. Commonwealth Edison Co., supra, note 2, 315 F.2d at 563.
 
 
 4
 Appellants forcefully urge those decisions proceed from a mistaken premise. They assert that there is no federal doctrine of fraudulent concealment. They concede that when the gravamen of the action is fraud, the statute of limitations is tolled at least until the fraud is, or should be, discovered by the injured party. But they point out as a basic matter of distinction between such an action and the suits at bar the fact that the issue here does not center on the nature of the claims at all, but rather upon the concealment of the claims. They conclude that the statute is only tolled if the gist of the action is fraud and that this is the furtherest legitimate reach of the federal decisions.
 
 
 5
 We cannot agree. Federal law governs the limitations period contained in 15b and 16(b) since its enactment by Congress in 1955. Appellants readily concede this. Yet they contend we should follow the distinction so clearly drawn in the state case of Kimball v. Pacific Gas & Electric Co., 220 Cal. 203, 30 P.2d 39 (1934), between cases involving undiscovered fraud and fraudulent concealment.[4] Appellants further cite Burnham Chemical Co. v. Borax Consolidated, Ltd., 170 F.2d 569 (9th Cir. 1948) cert. denied, 336 U.S. 924, 69 S.Ct. 655, 93 L.Ed. 1086 (1949) and Sidebotham v. Robison, 216 F.2d 816, (9th Cir. 1957). But reliance on cases applying state law, as those cases do, to govern the limitations period is misplaced. Federal statutes yield only to federal case law construing them. No federal case to which we were cited nor any within our knowledge makes the distinction so strenuously urged when applying federal principles to a federal statute. Appellants sought to demonstrate at least an implicit federal recognition of the distinction by analyzing selected cases. The analysis purported to show that each case selected was in fact founded in fraud. The cases were said to demonstrate no more than that the limitations period would be tolled where the fraud remained undiscovered. But the anaylsis was faulty in at least one instance. Holmberg v. Armbrecht, supra, is a case which applies the fraudulent concealment doctrine in an action founded on a statutory liability. Fraud was not the gist of the action. But even if it were, a demonstration that certain selected cases do not establish a federal fraudulent concealment doctrine does not support a conclusion that no cases do.
 
 
 6
 The necessity of making such a distinction becomes even less compelling in view of the Tenth Circuit holding that "the active concealment of [the] conspiracy is a wrong tantamount to fraud." Public Service Co. of New Mexico v. General Electric Co., supra, note 2, 315 F.2d at 310. That position is supported by inferences drawn from our own cases. E. g., Suckow Borax Mines v. Borax Consolidated, 185 F.2d 196 (9th Cir. 1950); cert. denied. 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951), held that allegations of fraudulent concealment must be cast with the specificity required in fraud actions by rule 9(b), F.R.Civ.P.
 
 
 7
 This court was among the first to give substance to the doctrine of fraudulent concealment. Linn & Lane Timber Co. v. United States, 196 F. 593 (9th Cir. 1912) involved a suit to cancel land patents obtained by fraud brought after the statutory period had run. The court found that the statute had been tolled. It gave particular emphasis to the acts of concealment which prevented discovery of the cause of action. That these acts were treated as tantamount to the original fraud itself is made abundantly clear in the opinion following a rehearing. Linn & Lane Timber Co. v. United States, 203 F. 394 (9th Cir. 1913); aff'd, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725 (1915). Even if we concede the desirability of distinguishing undiscovered fraud from fraudulent concealment for purposes of logical analysis, no great consequences attach as a result. Prior federal case law lays equal emphasis on each factor in tolling the statute of limitations.
 
 
 8
 We now consider appellant's contention that principles of statutory construction preclude the application of the fraudulent concealment doctrine to a civil anti-trust suit such as the case at bar. They urge that the "single plain meaning" of the statute admits of no concealment exception.[5] The Bailey v. Glover,[6] Exploration Company v. United States,[7] and Holmberg v. Armbrecht[8] trilogy reject such a construction. In all three the applicable statute of limitations was equally positive and unambiguous as the one here in question.[9] Yet in them the Supreme Court ruled that the statute was tolled by fraudulent concealment. Moreover, as the other circuits have emphasized, Justice Frank-further laid it down in Holmberg that the fraudulent concealment doctrine is "* * * read into every federal statute of limitation."[10]
 
 
 9
 Appellants contend that the legislative history demonstrates that Congress intended that concealment not toll the statute of limitations. The opinion of the Eighth Circuit demonstrates with persuasion exactly to the contrary. Kansas City, Missouri v. Federal Pacific Electric Co., supra note 2, 310 F.2d at 278-280. Appellants point to the rejection by Congress of bills to toll the statute until the victim in fact learned of the cause of action. They claim this evinces a congressional intent to reject the fraudulent concealment exception.[11] Whether "The failure to enact bills containing provisions that would have embodied a discovery provision in the words of the statute is * * * the kind of express negative * * * necessary to reverse so well established a policy of the law,"[12] we need not here decide. Suffice it to say that delay in discovery is a breed apart from wrongful concealment. Burnham Chemical Co. v. Borax Consolidated, supra, 170 F.2d at 577; Dovberg v. Dow Chemical Co., 195 F. Supp. 337, 342 (D.C.1961). As put by the Tenth Circuit: "Delay in discovery concerns action or inaction by the party asserting the right. Wrongful active concealment concerns positive action by the party against whom the right is asserted." Public Service Co. of New Mexico v. General Electric Co., supra, note 2, 315 F.2d at 310. Refusal to toll the statute for the inexcusably ignorant is not a refusal to toll the statute for the victims of a wrongful concealment.
 
 
 10
 Under this view it is unnecessary to decide whether Congress must expressly negate well enunciated judicial declarations of long standing or, as appellant apparently assumes, that Congress must specifically adopt basic principles declared in case law in order to make them applicable to a given situation. From the foregoing we must agree that the legislative history is "* * * interesting but not decisive * * *" on this set of facts. Public Service Co. of New Mexico v. General Electric Co., supra note 2, 315 F.2d at 310.
 
 
 11
 Finally, appellants assert that the limitations on 4B and 5(b) are limitations on the right itself and are therefore not subject to judicially imposed tolling. The contention is not without some merit. A distinction is sometimes drawn between limitations which merely affect the remedy and those which condition the right itself. Thus in 34 Am. Jur. 16 § 7 (1938) it is stated: "A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right * * *" Cases divide whether such a condition can be judicially suppressed. See Anno. 15 A.L.R.2d 500. Decisions supporting the appellants make the decision mechanically with little attempted justification. We believe the better reasoning rejects such an abstract approach to a concrete situation. Semantic distinctions unsupported by reason are not to be viewed with favor. Judge Dobie, in a thoughtful analysis, put it this way: "* * * [T]he distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and fast as many writers and judges would have us believe. [See Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947); Grossman v. Young, 72 F.Supp. 375 (D.C.1947)]. Each type of statute, after all, still falls into the category of a statute of limitations. And this is nonetheless true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. There is no inherent magic in these words." Scarborough v. Atlantic Coast Line R. R. Co., 178 F.2d 253, 259 (4th Cir. 1949). Our belief that the limitations period provided in 15b and 16(b) is tolled rests upon the following reasons:
 
 
 12
 (1) The clear congressional purpose. In enacting those sections in 1955 Congress did not intend to expunge a cause of action, but rather intended to create a uniform period throughout the entire nation for the commencement of suit.[13] Prior to that time the periods, being governed by local law, varied considerably between states. Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir. 1961), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961). This had resulted in considerable "forum shopping," a practice Congress sought to stop by means of this legislation. The congressional purpose is furthered, not thwarted, by recognizing also on a national basis the doctrine of fraudulent concealment. See Toran v. New York, 108 F.Supp. 564 (D.C.1952).
 
 
 13
 (2) The fundamental principle asserted in Glus v. Brooklyn Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L. Ed.2d 770 (1958) that "no man may take advantage of his own wrong." Although that case was concerned with the interposition of an estoppel to assert the statute of limitations, the principle asserted by the Supreme Court clearly applies to sustain our conclusion here.
 
 
 14
 (3) The observation of the Supreme Court in Holmberg v. Armbrecht, supra 327 U.S. at 397, 66 S. Ct. at 585, 90 L.Ed. 743 that even if an explicit limitation had appeared in the statute which had created the substantive right, the doctrine of fraudulent concealment would be read into the limitation.
 
 
 15
 (4) Effective enforcement of the Clayton Act. Congress was as concerned with the effective enforcement of the Clayton Act as with the barring of stale claims when it enacted Sections 4B and 5(b). In the words of the Eighth Circuit, "We are not persuaded to believe that Congress meant to proscribe and outlaw conspiracies and combinations in restraint of trade, only to reverse itself by enacting a statute of limitations that would reward successful conspirators." Kansas City, Missouri v. Federal Pacific Electric Co., supra note 2, 310 F.2d at 284. To hold the period of limitations tolled by fraudulent concealment will thus serve to effectuate a major purpose of the Act. Grossman v. Young, supra. We agree that "Remedial statutes should be liberally construed and should be interpreted (when that is possible) in a manner tending to discourage attempted evasions by wrongdoers." Scarborough v. Atlantic Coast Line R. R. Co., supra 178 F.2d at 258.
 
 
 16
 (5) Many of the cases supporting appellant's contention do so by way of dicta. See Glus v. Brooklyn Eastern Terminal, supra at footnote 11, 359 U.S. p. 234, 79 S.Ct. p. 762, 3 L.Ed.2d 770. We believe, where circumstances dictate, the trend is toward applying the fraudulent concealment exception to all statutes of limitation, be they limitations on the right itself or merely on the remedy. See Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947); Toran v. New York N. H. & H. R. Co., 108 F.Supp. 564 (D.C.1952); Fravel v. Pennsylvania R. Co., 104 F.Supp. 84 (D.C.1952); Grossman v. Young, 72 F.Supp. 375 (D.C.1947).
 
 
 17
 The orders of the District Court are affirmed.
 
 
 
 Notes:
 
 
 [1]
 Leave to appeal under 28 U.S.C. § 1292 (b) from a ruling similar to the one questioned here was denied by the Third Circuit on September 21, 1962
 The Fifth Circuit granted leave to appeal under § 1292(b) on January 11, 1963 and it is now pending.
 
 
 [2]
 Kansas City, Missouri v. Federal Pacific Electric Co., 310 F.2d 271 (8th Cir. 1297) cert. denied, 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 415 (1963); Atlantic City Electric Co. v. General Electric Co., 312 F.2d 236 (2d Cir. 1962), cert. denied, 373 U.S. 909, 83 S.Ct. 1298, 10 L. Ed.2d 411 (1963); Public Service Co. of New Mexico v. General Electric Co., 315 F.2d 306 (10th Cir. 1963), cert. denied, 374 U.S. 809, 83 S.Ct. 1695, 10 L. Ed.2d 1033 (1963); Allis-Chalmers Manufacturing Co. v. Commonwealth Edison Co., 315 F.2d 548 (7th Cir. 1963)
 
 
 [3]
 The distinction between "discovery bills" and other proposed legislation is elucidated in the opinioninfra.
 
 
 [4]
 It is of interest to note that while the California court draws the distinction, it goes on to toll the limitations period "irrespective of statute" when fraudulent concealment of the cause of action is shown. Not surprisingly, appellants would have us draw the same distinction but would have us depart from the conclusion that fraudulent concealment tolls the statute
 
 
 [5]
 15 U.S.C. § 15b, reads:
 "Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections. Oct. 15, 1914, c. 323, § 4B, as added July 7, 1955, c. 283, § 1, 69 Stat. 283."
 15 U.S.C, § 16(b) reads:
 "Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: Provided, however, That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued. Oct. 15, 1914, c. 323, § 5, 38 Stat. 731; July 7, 1955, c. 283, § 2, 69 Stat. 283."
 
 
 [6]
 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1874)
 
 
 [7]
 247 U.S. 435, 38 S.Ct. 571, 62 L.Ed. 1200 (1918)
 
 
 [8]
 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946)
 
 
 [9]
 Bailey
 "[N]o suit at law or in equity shall in any case be maintainable by or against such assignee * * * unless the same shall be brought within two years from the time the cause of action accrued, for or against such assignee." (14 Stat. 518)
 
 Exploration
 
 "That suits by the United States to vacate and annul any patent * * * hereafter issued shall only be brought within six years after the date of the issuance of such patents." (26 Stat. 1093).
 
 Holmberg
 
 "An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues." (N.Y. Civil Practice Act, § 53).
 
 
 [10]
 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946)
 
 
 [11]
 To construe the statute as inoperative when fraudulent concealment is present renders it nugatory as a statute of repose, claim appellants. This ignores the fact that the statute is not tolled where the plaintiff has not exercised reasonable diligence to ascertain the concealment. It further ignores that in any event the burden rests on plaintiff to prove such concealment
 
 
 [12]
 Atlantic City Electric Co. v. General Electric Co., supra, note 2, 312 F.2d at 240
 
 
 [13]
 Senate Report No. 619, 84th Cong. 1st Sess. pp. 4, 5 (1955), U.S.Code Congressional and Administrative News 1955, p. 2328; Kansas City, Missouri v. Federal Pacific Electric Co., supra note 2, 310 F.2d at 274. See also, Note, 63 Harv. L.Rev. 711 (1950)