**GRAPETTE CO., Inc. v. GRAPETTE BOTTLING CO. et al.**

Civ. No. 6093.

United States District Court
D. Puerto Rico, San Juan Division.
Feb. 6, 1952.

518

Fiddler, Gonzalez & Nido, San Juan, Puerto Rico, for plaintiff.

Ramon Luis Nevares, San Juan, Puerto Rico, for defendants R. L. Wheelock and W. L. Pickens.

SNYDER, Acting District Judge.

The amended complaint filed herein contains three causes of action, to wit: (a) collection of money ($12,020.01) on an account stated against defendant Grapette Bottling Co., (b) damages in the sum of $100,000.00 sought against said defendant Grapette Bottling Co. for an alleged breach of a bottler's license agreement, and (c) an action against defendants Wheelock and Pickens seeking to set aside an alleged fraudulent conveyance of real property made by defendant Grapette Bottling Co. in favor of defendants Wheelock and Pickens. With respect to said cause of action, plaintiff specifically alleges that the transfer impairs the effectiveness of any judgment which plaintiff may eventually obtain if it were to succeed in any one or both of the first two causes of action, both of which are solely and exclusively directed against defendant Grapette Bottling Co. Jurisdiction is predicated on diversity of citizenship and an adequate amount in controversy.

An order of attachment to secure the effectiveness of any judgment which might be eventually entered in favor of plaintiff issued out of this Court, and it appears that an attachment was actually levied and duly recorded in the Registry of Property upon some realty belonging at the time to defendant Grapette Bottling Co.

Plaintiff attempted to subject defendants Wheelock and Pickens to the jurisdiction of this Court through substitute

process by publication, and in order to accomplish this end specifically averred, pursuant to Section 1655 of Title 28, U.S.C., that it "seeks to enforce a lien upon, or claim to, and or to remove an encumbrance, lien or cloud upon the title to real property within this district which has been attached by plaintiff and illegally transferred to defendants R. L. Wheelock and W. L. Pickens."

Section 1655 does not enlarge the right of a simple contract creditor to sue in Federal Court to set aside an alleged fraudulent conveyance of property. Canton Roll & Machine Co. v. Rolling Mill Co. of America, 4 Cir., 155 F. 321. It is definitely limited to suits which are brought for the enforcement of a direct claim to property or which are an assertion of right in the property. Ladew v. Tennessee Copper Co., C. C., 179 F. 245; Dan Cohen Realty Co. v. National Savings & Trust Co., 6 Cir., 125 F.2d 288. In the Federal courts attachment is but an incident to a suit, and unless the court has jurisdiction over the person of the defendant the attachment must fall. Jurisdiction cannot be acquired by means of attachment. In the absence of an existing lien on property within the jurisdiction of the court, a Federal court must acquire jurisdiction over the person of a defendant before it is authorized to attach his property. Davis v. Ensign Bickford Co., 8 Cir., 139 F.2d 624; Big Vein Coal Co. v. Read, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053. The attachment in the case at bar cannot be held to be a direct claim to the property, nor is it an assertion of ownership or proprietary interest. It is entirely dependent upon the outcome of a creditor's suit which would have to be reduced to a money judgment before any suit to set aside a fraudulent conveyance could be entertained by the court. Scott v. Neely, 140 U. S. 106, 11 S.Ct. 712, 35 L.Ed. 358. Section 1655 is inapplicable to the situation now before the court. See Vidal v. South American Securities Co., 2 Cir., 276 F. 855.

Defendants Wheelock and Pickens have not been served with process within this district in accordance with Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C., nor have they at any time appeared voluntarily. Consequently, this court lacks jurisdiction over their persons.

The motion to dismiss the complaint filed by defendants R. L. Wheelock and W. L. Pickens is hereby granted, and judgment will be entered dismissing the complaint with costs to the plaintiff.