William J. FLANAGAN, Plaintiff,

v.

NORTHERN LUMBER COMPANY, Inc., Defendant,

Norton Lumber Co., Inc., Ross L. Coleman, North-Land Lumber Co., Inc., and Ida Ohlson, Additional defendants on Counterclaims.

Civ. No. 5287.

United States District Court
N. D. New York.
Argued Nov. 22, 1954.
Submitted Nov. 30, 1954.
Decided Dec. 9, 1954.

Carroll, Amyot & Doling, Saratoga Springs, N. Y., James F. Carroll, Saratoga Springs, N. Y., of counsel, for plaintiff and additional defendants.

Cross & Steates, Utica, N. Y., for defendant.

BRENNAN, Chief Judge.

The problem here involves the power of this Court over a resident of the State of Illinois. It arises by reason of defendant's counterclaims for money damages and a fourth counterclaim in which it is sought to set aside an alleged fraudulent conveyance of real property to the Illinois resident. A brief background of facts is stated below.

The plaintiff brings an action as assignee of the Norton Lumber Company Inc. (hereinafter referred to as Norton) to recover some $40,000 from the Northern Lumber Company, Inc. (hereinafter referred to as Northern) because of the alleged breach of a contract between Northern and Norton in which lumbering operations were involved. Northern has filed its answer denying the material allegations of the complaint and pleading certain affirmative defenses. In addition Northern has alleged three separate counterclaims which in effect seek affirmative money judgments against Norton and Coleman (who are made parties to this action by consent). These counterclaims are only important on this motion in that they serve the basis for the fourth counterclaim which is brought to set aside the transfer of real and personal property by Norton and Coleman to Ida Ohlson of Chicago, Illinois and North-Land Lumber Company Inc. The last named corporation is also made a party by consent and it seems that it is only involved in this action because it is the alleged transferee of certain personal property. The problem here directly involves Mrs. Ohlson to whom certain real property was conveyed by Norton after the execution of the contract which are the bases of plaintiff's claim and at least the first two counterclaims interposed by Northern. The relief requested in said fourth counterclaim is declaratory in nature and it seeks to have such transfer declared void and to have the judgments to be granted in the first three counterclaims declared liens upon the real property transferred as above.

Jurisdiction is based upon diversity of citizenship. No question relative thereto is involved. Northern is a Delaware corporation; Coleman is a citizen of New York; Norton and North-Land are both New York corporations; Mrs. Ida Ohlson is a citizen of the State of Illinois.

No question is raised but that Northern may join in the same action its counterclaims for money judgments with its

claim to have the transfers or conveyance set aside as fraudulent. Rule 18, Fed.Rules Civ.Proc., 28 U.S.C.A. Difficulty is encountered when it is faced with the limitations of Rule 4(f) in the matter of service of process. Realizing such difficulty, Northern invokes the provisions of 28 U.S.C.A. § 1655, and seeks by this motion the order of the Court to direct Mrs. Ohlson to appear or plead. The moving party's contention is that the action in effect is brought to enforce a lien upon or claim to real property or personal property within the district. There is no question but what the property is located within the Northern District of New York, but it is seriously urged that the nature of the action is not such as would justify the granting of the order sought by this motion.

This Court is persuaded that Rule 18 which permits the joinder of claims as above referred to, needs no discussion in the matter involved here. While same is to be construed to secure a speedy and inexpensive determination of every action, Rule 1, it may not be construed to extend jurisdiction of this Court or the venue of actions therein. Rule 82. The moving party adopts the discussions of the problem in Moore's Federal Practice, Second Edition, Volume 3, Page 1836, etc., but same does not in the writer's opinion go beyond the point of suggesting means or methods which might be used to surmount the difficulty encountered here. It does not attempt to assert that either jurisdiction or venue exist by reason of the Rule itself in cases where they did not exist prior to the adoption of the Rule.

It follows that the language and intent of 28 U.S.C.A. § 1655 must furnish the key to the granting of the relief sought here. The terms of the section provide that relief provided therein is available in an action in this Court " * * * to enforce any lien upon or claim to * * * real or personal property within the district, where any defendant cannot be served within the State * * *." The above language definitely limits the availability of the section to the enforcement of an existing claim or lien. The moving party's contention is equivalent to the contention that the assertion of a lien or a claim is equivalent to their existence. This Court sees no necessity of a decision or discussion as to whether the counterclaim to set aside the alleged fraudulent conveyance is an action in rem or quasi in rem. The section is general in its scope and is available only in the action to enforce a lien or claim. If the conveyance be found to be fraudulent, such a finding must be based upon New York Law; but same is also unimportant here because we are dealing with a problem which must be settled before New York Law may be applied.

It seems to be agreed that the predecessors of Section 1655 did not differ essentially therefrom and that the cases decided under its predecessor sections are available here. It may be said that all of the decided cases are difficult to reconcile and no attempt will be made to do so here. The problem has been raised under many different circumstances and under conditions where provisional remedies available to state court procedure have been invoked. It may be said that there is some indication that courts have strained the provisions of Section 1655 in order that it might apply to a particular situation, but this Court finds no case which goes so far as to hold that the Section is available where it is disputed that the party invoking same is in fact a creditor of the transferor.

At best, Northern is a contract creditor of the transferor of the property mentioned here. Its rights are well expressed in the quotation from Pusey & Jones Co. v. Hanssen, 261 U.S. 491, at page 497, 43 S.Ct. 454, at page 455, 67 L.Ed. 763:

"But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his

debtor. This is true, whatever the nature of the property, and although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course."

The case in this Circuit most often cited is that of Vidal v. South American Securities Co., 276 F. 855. The decision therein at pages 872 and 873 holds that a claim or lien in the nature of an ownership or proprietary interest in the property which is within the district, is an essential for the application of the provisions of the Section involved. A general creditor who has not reduced his claim to judgment has no such interest. We next find that the above principle was invoked and followed in Wilson v. Beard, 2 Cir., 26 F.2d 860. Both of the above cases were cited by Judge Patterson in Spellman v. Sullivan, D.C., 43 F.2d 762 and in the affirmance thereof 61 F.2d 787. That case however involved a situation where a judgment had already been recovered prior to the institution of the suit. In American Surety Company v. Edwards and Bradford Lumber Company, D.C., 57 F.Supp. 18, at page 25, the decisions of the Spellman case are cited as holding contrary to the general rule and to the decision in the Vidal case. Such an effect is expressly disclaimed by Judge Patterson at page 765 of 43 F.2d. This Court agrees.

Other cases in various jurisdictions can be cited in support of the conclusion reached here, but it is sufficient to conclude that the great weight of authority is to the effect that the moving party is entitled to the order sought only when the lien or claim sought to be enforced exists prior to the commencement of the action. There must be a specific lien or claim against specific property. American Surety Company v. Edwards and Bradford Lumber Company, supra, 57 F. Supp. at page 24; see also Kohagen v. Harwood, 7 Cir., 185 F.2d 276, 30 A.L.R. 2d 201; Grapette Co. v. Grapette Bottling Co., D.C., 102 F.Supp. 517, and cases cited. The motion is denied and it is

So ordered.