**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COOKE & JONES, INC., Respondent.**

**No. 6371.**

United States Court of Appeals First Circuit.

Dec. 21, 1964.

Allison W. Brown, Jr., Attorney, Washington, D. C., with whom Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and Duane R. Batista, Attorney, Washington, D. C., were on brief, for petitioner.

Hugh J. Corcoran, Springfield, Mass., with whom Burton Winer, Greenfield, Mass., Ely, King, Kingsbury & Corcoran, Springfield, Mass., and Levy & Winer, Greenfield, Mass., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN * and ALDRICH, Circuit Judges.

♦ PER CURIAM.

██ The respondent employer was found by the National Labor Relations Board to have violated sections 8(a) (5) and (1) of the Act, 29 U.S.C. §§ 158(a) (5) and (1). It resists this petition for enforcement on the sole ground that the evidence did not warrant the findings. Respondent, in the first place, has misconstrued the comprehensive report of the trial examiner confirmed by the Board. Its statement that the Board did not "even dignify [certain] * * * testimony by a statement that it was disbelieved" is only narrowly correct. The testimony of respondent's president to which this referred went solely to the question of motivation. The Board expressly found that respondent's motivation was improper. It was unnecessary for it to mention in detail all of respondent's contrary testimony. The duty to discuss evidence is a matter of degree. Cf. Haverhill Gazette Co. v. Union Leader

Corp., 1 Cir., 1964, 333 F.2d 798, 805, cert. den. 379 U.S. ——, 85 S.Ct. 329. There was other testimony, which was fully discussed, amply warranting the finding against respondent.

██ Furthermore, if the promotion of certain of respondent's carpenters to supervisors was in fact essentially a paper transaction not causing them to become true supervisors, the respondent's duties to bargain depended upon the actual circumstances, not upon its motivation or good faith. Cf. International Ladies' Garment Workers' Union, AFL-CIO v. NLRB, 1961, 366 U.S. 731, 81 S.Ct. 1603, 6 L.Ed.2d 762; NLRB v. Burnup & Sims, 379 U.S. 21, 85 S.Ct. 171, 13 L.Ed.2d 1. The Board has considerable discretion in determining whether an employee is a supervisor. NLRB v. Swift & Co., 1 Cir., 1961, 292 F.2d 561. We find no error in its exercise here.

A decree will be entered enforcing the order of the Board.

██

---

* Judge Hartigan heard the oral argument and participated in the conference at which a tentative decision for the petitioner was made. Because of illness he does not participate in the opinion or decree.