Ethel BERRY, Plaintiff,

v.

MICHIGAN BELL TELEPHONE COM-
PANY, Defendant.

Civ. No. 27742.

United States District Court,
E. D. Michigan, S. D.

Oct. 27, 1967.

**402**

McWilliams & McWilliams, Dearborn, Mich., for plaintiff.

Philip L. Wettengel, Detroit, Mich., for defendant.

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KAESS, District Judge.

This is a breach of contract action brought by a former employee of the defendant. The complaint originally filed in the Circuit Court for Wayne County, Michigan, alleged that plaintiff was dismissed from her status as an employee on or about November 1, 1967, following the expiration of a leave of absence for illness, in violation of the rights accruing to her as an employee under "Company policies and procedures" and as a third party beneficiary under a collective bargaining agreement then in force between defendant and the Communications Workers of America, AFL–CIO. The action was removed to this court under the provisions of Section 1441 of Title 28, United States Code.[1] Following removal, an amended complaint was filed changing the characterization of her severance from "dismissal" to "negligently separated," and adding a count for breach of plaintiff's "constitutional rights to engage in a common calling".

Defendant now moves for summary judgment on the grounds that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law because plaintiff either resigned, in which case she abandoned any contractual rights, or was "constructively dismissed" by defendant, in which case she is barred from this action by her failure to use the grievance procedures established by the collective bargaining agreement between defendant and the union.[2]

Plaintiff opposes the motion on the basis that there are material issues of

1. Section 1441 provides for removal by defendants to the Federal District Court of "any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction."
As federal law governs suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting interstate commerce, Labor-Management Relations Act § 301(a), 61 Stat. 156 (1947), 29 U.S.C. § 185(a) (1952); Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), a cause of action for breach of a collective bargaining contract in an industry in interstate commerce may be removed to Federal District Court. Swift & Co. v. United Packinghouse Workers of America, 177 F. Supp. 511 (D.Colo.1959); Minkoff v. Scranton Frocks, Inc., 172 F.Supp. 870 (S.D.N.Y.1959); Vann v. Jackson, 165 F.Supp. 377, 381 (E.D.N.C., 1958).

2. Plaintiff's contention that defendant cannot at the same time argue that plaintiff resigned and that she is required to use the grievance procedure in the collective bargaining contract, because the contract does not cover resignations, is based on a misconception of defendant's position that plaintiff *either* resigned or was dismissed, and *only* if it is the latter is she compelled to abide by the contract.

fact as to whether plaintiff resigned, whether she did exhaust the union remedies available to her, and whether defendant's personnel procedures and policies were a part of her contract of employment apart from the collective bargaining agreement. It is plaintiff's position that these questions of fact must be determined before the legal issues can be resolved, thus precluding summary judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■ The party moving for summary judgment has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. 6 Moore, Federal Practice & Procedure, ¶ 56.15(3) (2nd Ed. 1965). In ruling on a motion for summary judgment, the court must construe the evidence in the light most favorable to the party opposing the motion. Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425 (6th Cir. 1962).

Viewing the facts in the light most favorable to the plaintiff, and acknowledging that there are some important questions of fact extant in this case, this court finds that those facts essential to a resolution of the issue of law raised by defendant's motion are not in dispute.

For several months prior to November 1, 1962, plaintiff was on a leave of absence from defendant recovering from a prolonged respiratory illness. In August of that year, when contacted by her supervisor, plaintiff informed the supervisor that she did not know, but in all probability she would not be able to return when her benefits ran out November 1, 1962.[3] Plaintiff did not contact defendant prior to or immediately after November 1, 1962 to request extension of her leave of absence or make inquiry as to her status after that date. Neither did the defendant contact plaintiff to inform her of the separation, which occurred on October 31, 1962. (Defendant's records reflect that the separation was classified as a resignation.) In January of 1963, realizing that she was no longer receiving certain employee benefits, plaintiff requested a union representative, Mr. Florkey, to look into it for her.[4] After three weeks, she again contacted Mr. Florkey, who told her she'd been taken off the payroll and asked what she wanted done about it. Plaintiff replied that she would like to be put on a disability leave of absence.[5] Plaintiff neither heard nor did anything further until January 31, 1964 when she wrote to Mr. Mackay.[6] There was discussion and correspondence between the defendant and the union on the matter, and in August 27, 1964, the defendant's report to the union was sent to plaintiff for comment.[7] Further correspondence and negotiation took place between defendant and the union,[8] and on December 4, 1964 the union representative, Mr. Shelton, wrote to plaintiff informing her that "we have done all we can in your case."[9]

---

3. See Page 2 of plaintiff's letter to Mr. Norman Mackay dated January 31, 1966. (Attachment No. 1 to defendant's reply brief.)

4. See Page 2 of plaintiff's letter to Mr. Mackay.

5. See Page 2 of plaintiff's letter to Mr. Mackay.

6. See Page 3 of plaintiff's letter to Mr. Mackay.

7. See letter of Herman Shelton to plaintiff. (Attachment No. 3 to defendant's reply brief.)

8. See Attachment No. 4 to defendant's reply brief and Attachment E to defendant's motion.

9. See Exhibit A to plaintiff's amended complaint.

The United States Supreme Court in Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), held that where the collective bargaining agreement between the company and the union contains a procedure for the orderly settlement of employee grievances, this procedure is exclusive unless it is specifically agreed that they shall not be exclusive. In ruling that an employee may not sidestep these procedures by bringing a court action without having attempted to use the remedies under the agreement, the Court stated on pages 652–653, 85 S.Ct. on pages 616–617:

"As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress. If the union refuses to press or only perfunctorily presses the individual's claim, differences may arise as to the forms of redress then available. See Humphrey v. Moore, 375 U. S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370; National Labor Relations Board v. Miranda Fuel Co., 2 Cir., 326 F.2d 172. But unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf. Congress has expressly approved contract grievance procedures as a preferred method for settling disputes and stabilizing the 'common law' of the plant. LMRA § 203(d), 29 U.S.C. § 173(d); § 201(c), 29 U.S.C. § 171(c) (1958 ed.). Union interest in prosecuting employees grievances is clear. Such activity complements the union's status as exclusive bargaining representative by permitting it to participate actively in the continuing administration of the contract. In addition, conscientious handling of grievance claims will enhance the union's prestige with employees. Employer interests, for their part, are served by limiting the choice of remedies available to aggrieved employees. And it cannot be said in the normal situation, that contract grievance procedures are inadequate to protect the interests of an aggrieved employee until the employee has attempted to implement the procedures and found them so.

"A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation 'would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.' Local 174, Teamsters [Chauffeurs] etc. v. Lucas Flour Co., 369 U.S. 95, 103, 82 S.Ct. 571, 577, 7 L.Ed.2d 593, [599]."

The doctrine of Republic Steel is consistent with and incorporates the Court's earlier decision in Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1965) that a decision reached after proceedings adequate under the agreement is final and binding upon the parties, unless there is fraud or breach of duty by the exclusive bargaining agent. This logic behind the Humphrey v. Moore, holding is shown by the following propositions set forth in Union News Co. v. Hildreth, 295 F.2d 658 (6th Cir. 1961), cert. denied, 375 U.S. 826, 84 S.Ct. 69, 11 L.Ed.2d 59 (1963):

1. An employer has the right to dismiss an employee at will, except as limited by Contract or statute.

2. Protection from discharge exists only by virtue of Contract.

3. The union is declared by statute to be the "exclusive bargaining agent" of plaintiff and other employees.

4. The union's actions under its authority to bargain settlements of grievances is subject to challenge only after exhaustion of the grievance procedure, and then only on the grounds of bad faith, arbitrary action or fraud.

5. The union may exercise its discretion in processing and settling grievances.

In Simmons v. Union News Company, 341 F.2d 531 (6th Cir.), cert. denied, 382 U.S. 884, 86 S.Ct. 165, 15 L.Ed.2d 125 (1965), a companion case to the *Hildreth* case, supra, the Sixth Circuit Court of Appeals reaffirmed the propositions set out above. See also, Broniman v. Great Atlantic & Pacific Tea Company, 353 F.2d 559 (6th Cir. 1965); Doty v. Great Atlantic & Pacific Tea Company, 362 F.2d 930 (6th Cir. 1966); Field v. Local 652 UAW AFL–CIO, 6 Mich.App. 140, 148 N.W.2d 552 (1967).

■ These cases are dispositive of this matter. If plaintiff were found to have resigned from her employment she, of course, would have abandoned any rights she may have had under the collective bargaining agreement, or an individual and separate contract apart from the collective bargaining agreement.

■ Assuming for the purposes of this motion that she did not resign, the question is whether she was bound to follow the grievance procedures set forth in the collective bargaining agreement. Despite plaintiff's semantical excursions, taken apparently to avoid using the word "dismissed", it is clear that if she did not resign, she was dismissed, either directly or constructively by defendant. Article twenty-one, section one, of the collective bargaining agreement then in force, required that "in the event that an employee is dismissed, any grievance must be delivered to the company within twenty calendar days after the dismissal became effective." The undisputed fact is that no grievance was filed within twenty days after the dismissal became effective October 31, 1962, within twenty days after plaintiff

became aware of her dismissal, or at any time. There was no attempt made to use the grievance procedures provided in the collective bargaining agreement. Thus, under the doctrine of Republic Steel Corp. v. Maddox, plaintiff is barred from this action.

■ Plaintiff's contention that the *Republic Steel* decision is not applicable here because she "exhausted the union remedies available to her", is without merit. Elgin, Joliet & Eastern RR v. Burley, 327 U.S. 661, 66 S.Ct. 721, 90 L. Ed. 928 (1946), cited in support of this proposition, simply is not applicable here. The *Elgin* case holds that an employee may not stand by knowing what is happening with reference to his grievance, and allow matters to proceed to a determination and then come in for the first time to assert his individual rights. Further, the doctrine requiring exhaustion of union remedies is applicable to those situations where internal union matters are brought before a court before there is a final settlement within the union. Section 402(a), Labor Management Reporting and Disclosure Act, 73 Stat. 519 (1959); 29 U.S.C. § 482(a); Wirtz v. Local Union No. 125, International Hod Carriers', Building and Common Laborers' Union of America, 231 F.Supp. 590 (N.D.Ohio 1964); Wirtz v. Local Unions No. 9, etc., International Union of Operating Engineers, 366 F.2d 911 (10th Cir. 1966). It doesn't nullify the requirement of *Republic Steel* that an employee must attempt to use the procedures agreed to by his union before suing the employer for breach of the agreement.

■ Even acceptance of plaintiff's argument that the discussions and correspondence between the defendant and the union about plaintiff's claim should be construed as waiver of or substitution for the contractual grievance procedure does not help her. Under the decision in Humphrey v. Moore, supra and Union News Co. v. Hildreth, supra, the decision of the union that it could do no more for plaintiff is final and binding upon her. There is no allegation of

fraud or bad faith on the part of the union. Although it is possible that a grievance might still have been filed in January of 1963 when plaintiff contacted Mr. Florkey, in the absence of bad faith or fraud, plaintiff is bound by the union's decision to pursue the matter no further.

Equally erroneous is plaintiff's contention that she has rights arising out of an individual contract between herself and the company arising out of the company's policies and procedures, apart from the collective bargaining contract. Section 9 of the National Labor Relations Act provides that the bargaining representative selected by the majority of the employees of an appropriate unit is the exclusive representative for all employees in the unit with regard to pay, wages, hours or other conditions of employment. 29 U.S.C. § 159(a). An employer cannot avoid his responsibility to deal with the authorized agent of the majority of his employees by offering individual employment contracts to his employees. NLRB v. Cooke & Jones, Inc., 339 F.2d 580 (1st Cir. 1964); NLRB v. Union Mfg. Co., 179 F.2d 511 (5th Cir. 1950). Similarly, where an employer grants unilateral increases, promulgates a bonus plan and informs an employee that these benefits are voluntarily given such action constitutes a refusal to bargain and interference with the employee's right to self organization. NLRB v. Union Mfg. Co., supra; Southwestern Wholesale Grocery Co., 92 NLRB 1485 (1951).

As was stated in NLRB v. Cooke & Jones, Inc., supra, to permit such action would give employers an effective method for rendering fruitless any efforts on the part of labor organizations to bargain for employees. It also would deny to the employer a measure of the consideration it receives for entering into the collective bargaining contract, by allowing employees to circumvent the provisions they dislike. It would be disruptive of the entire collective bargaining process.

Plaintiff has no cause of action before this Court in Count I of the complaint. Count II, added in the amended complaint, likewise fails to state a cause of action before this Court. While Rule 18 of the Federal Rules of Civil Procedure permits the joinder of claims and remedies, it does not extend the jurisdiction of the court. Rule 82, F.R.C.P.; Flanagan v. Northern Lumber Co., D.C., 17 F.R.D. 432, app. dismissed, 222 F.2d 539 (2d Cir. 1954); 2 Barron & Holtzoff, Federal Practice & Procedures, § 503 (Rules Ed. 1961). As there is no diversity of citizenship between the plaintiff and defendant, both being residents of Michigan, and no federal question is presented, plaintiff having stated on the record that he considers Count II to be a claim for invasion of privacy, this court has no jurisdiction of the claim. Geisert v. Corriveau, 140 F. Supp. 29 (E.D.Mich.1956); Glover v. McFaddin, 99 F.Supp. 385 (E.D.Tex. 1951); aff'd, 205 F.2d 1 (5th Cir.), cert. denied, 346 U.S. 900, 74 S.Ct. 227, 98 L.Ed. 400, rehearing denied, 346 U.S. 940, 74 S.Ct. 376, 98 L.Ed. 427 (1954); Weintraub v. Fitzgerald Bros. Brewing Co., 40 F.Supp. 473 (S.D.N.Y.1941). In any event, the cause of action is barred by the statute of limitations.

The second count alleges that defendant deprived her of her right to engage in employment by virtue of certain statements alleged to have been made by a representative of defendant to a prospective employer. As the count is not based upon the same conduct, transaction or occurrence set forth in the original pleading, it does not relate back to the original filing and is not at all in the area of ancillary jurisdiction, as claimed by plaintiff in her reply brief. See balance of the chapter as quoted by plaintiff in Barron & Holtzoff, Federal Practice & Procedures. Rule 15(c), Federal Rules of Civil Procedure; Higgins, Inc. v. Kiekhaefer Corp., 246 F.Supp. 610 (E.D.Wis.1965); Chamberlin v. United Engineers and Constructors, 194 F.Supp. 647 (E.D.Pa.

1961); Boerkoel v. Hayes Mfg. Corp., 76 F.Supp. 771 (W.D.Mich.1948).

Such actions come under Section 600.-2911, Michigan Compiled Laws of 1948 (Mich.Stat.Ann. § 27A.2911) which must be brought within one year from the time the cause of action arose, which was in "the spring of 1965". C.L. of '48, Mich.Stat.Ann. §§ 27A.5805, 27A.-5827, M.C.L.A. §§ 600.5805, 600.5827; C. W. Humphrey Co. v. Security Aluminum Co., 31 F.R.D. 41 (E.D.Mich.1962).

It is ordered, therefore, that defendant's motion for summary judgment is granted.