MARKARIAN v ROADWAY EXPRESS, INC.

1. LABOR RELATIONS—DISCHARGE OF EMPLOYEE—ACTION AGAINST EM-
   PLOYER—COLLECTIVE BARGAINING AGREEMENT—STATUTES.

   A Federal statute gives an employee the right to maintain an
   action against his employer for wrongful discharge, but if a
   collective bargaining agreement sets forth a procedure govern-
   ing the settlement of grievances, the means agreed to by the
   parties must be given effect before the employee can bring suit
   (29 USC 173[d], 185[a]).

2. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—SETTLE-
   MENT OF GRIEVANCES—RIGHT TO SUE EMPLOYER.

   An employee, with limited exceptions, must exhaust the griev-
   ance procedure set forth in the collective bargaining agreement
   between his employer and his union before proceeding indepen-
   dently to the courts, and if he has had a final and binding
   determination resulting from the grievance procedure, he is
   barred from suing.

3. LABOR RELATIONS—DISCHARGE OF EMPLOYEE—ACTION AGAINST EM-
   PLOYER—ACTION AGAINST UNION—STATUTES.

   The failure of a discharged employee to bring an action against
   his union prior to initiating suit against his employer is not a
   bar to maintaining an action under the Federal act which gives
   an employee the right to maintain an action against his em-
   ployer for wrongful discharge (29 USC 185[a]).

4. APPEAL AND ERROR—JUDGMENT—SUMMARY JUDGMENT—GENUINE
   ISSUE OF FACT—COURT RULES.

   There must be no genuine issue as to any material fact before a
   summary judgment will stand; therefore, where the Court of
   Appeals is unable to determine from the pleadings and support-
   ing affidavits that there was no genuine issue of material fact
   in a case where summary judgment was granted, remand to the

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur 2d, Labor and Labor Relations § 1304.
[3] 48 Am Jur 2d, Labor and Labor Relations § 1298.
[4] 5 Am Jur 2d, Appeal and Error § 853.

trial court for findings on the doubtful issue is necessary (GCR 1963, 116.3, 117.2[3]).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 June 26, 1974, at Detroit. (Docket No. 17762.) Decided October 8, 1974.

Complaint by John Markarian against Roadway Express, Inc., for wrongful discharge from employment. Summary judgment for defendant. Plaintiff appeals. Remanded with instructions.

*Musilli, Meyers & Murphy,* for plaintiff.

*Fitzgerald, Peters & Damm,* for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

BASHARA, P. J. This is an appeal from an order granting defendant's motion for accelerated or summary judgment denying plaintiff, an employee, the right to sue defendant employer for wrongful discharge. Plaintiff, employed by defendant, was discharged during the time a collective bargaining agreement was in effect between his union[1] and his employer.

Defendant argues that plaintiff is not a party to the contract, thus he has no standing to sue.

Although it is true that plaintiff is not per se a party to the collective bargaining agreement, § 301 of the Labor Management Relations Act[2] gives an employee the right to maintain an action against his employer. *Davidson v International UUAA &*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant had a Collective Bargaining Agreement with the International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Local No 299.

[2] 29 USC 185(a).

*AIW, Local No 1189,* 332 F Supp 375 (D NJ, 1971). See also *Amal Assoc of Street, Elec Ry & Motor Coach Emp v Lockridge,* 403 US 274; 91 S Ct 1909; 29 L Ed 2d 473 (1971), dissenting opinion of Mr. Justice White, and for background and scholarly analysis of employees' rights under § 301, see *Richardson v Communications Workers of America,* 443 F2d 974 (CA 8, 1971). See also *Smith v Evening News Assoc,* 371 US 195; 83 S Ct 267; 9 L Ed 2d 246 (1962).

The court in *Davidson, supra,* 377 stated:

"It is of course now well settled that an employee may bring a § 301 suit against his employer for wrongful discharge, * * * ." (Emphasis added.)

However, before an employee can sue under § 301, Congress has explicitly stated in § 203(d) of the Taft-Hartley Act[3] that if a collective bargaining agreement sets forth a procedure governing the settlement of grievances, the means agreed to by the parties must be given effect. In suits brought under this section the Supreme Court has effectuated this policy requiring courts to give "full play" to the means chosen by the parties to the agreement. *United Steelworkers v American Mfg Co,* 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960).

Further interpretation of § 301 was announced in *Republic Steel Corp v Maddox,* 379 US 650; 85 S Ct 614; 13 L Ed 2d 580 (1965), wherein it was held that an employee must exhaust the grievance procedure before proceeding independently to the courts.[4] It was also held that if an employee has

___

[3] 29 USC 173(d).

[4] Limited exceptions to the *Maddox, supra,* rule have evolved, none of which apply here. *See Vaca v Sipes,* 386 US 171; 87 S Ct 903; 17 L Ed 2d 842 (1967); and *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974).

had a final and binding determination resulting from the grievance procedure, he is *barred* from suing.

It is parenthetically noted that failure of the discharged employee to bring an action against his union prior to initiating suit against his employer is not a bar to maintaining an action under § 301. *Vaca v Sipes, supra.*

In the case at bar, the collective bargaining agreement provided for a three-step grievance procedure. The parties to this suit are in agreement that plaintiff's grievance was submitted at each step of that procedure; and that each committee was not able to reach a majority vote. Thus plaintiff's discharge was allowed to stand due to the "deadlock".

Article 43(1)(f) provides:

"(f) Deadlocked cases may be submitted to umpire handling if a majority of the Joint Area Cartage Committee determine to submit such matter to an umpire for decision. Otherwise either party shall be permitted all legal or economic recourse."

Plaintiff, in his brief, simply states that arbitration was not agreed to by both parties. There is disagreement between plaintiff and defendant as to why article 43(1)(f) was not invoked. Plaintiff alleges, in his answer to the motion for summary judgment before the trial court and by affidavit that defendant corporation refused to submit to outside arbitration. Defendant countered by the submission of an affidavit from plaintiff's business agent stating that plaintiff initially agreed to give his union authority to request of the company that the grievance be submitted to an outside arbitrator, but that plaintiff subsequently withdrew his request. Further, that the union thereafter wrote

to plaintiff and again offered to submit the matter to outside arbitration, but that plaintiff failed to respond.

GCR 1963, 117.2(3) indicates that there shall be no genuine issue as to any material fact before summary judgment will stand. We are unable to determine from the pleadings and supporting affidavits that there was no genuine issue of material fact as to whether plaintiff had exhausted his remedies under the contract.

We, therefore, remand this matter to the trial court, under the provisions of GCR 1963, 116.3,[5] to conduct an evidentiary hearing to determine whether the defendant employer refused to submit the grievance to outside arbitration under the terms of art 43(1)(f) of the collective bargaining agreement. If the court should find that the defendant did in fact refuse to carry the matter forward under the provisions of art 43(1)(f), then the court shall order that the cause be tried on its merits. If, on the other hand, the court shall find that the defendant employer did not refuse to comply or was not asked to comply with the provisions of art 43(1)(f) then the court shall enter summary judgment in favor of the defendant employer.

We retain no further jurisdiction.

All concurred.

---

[5] GCR 1963, 116.3 provides that a hearing may be held to determine whether the court has jurisdiction to proceed to a trial on the merits.