BREISH v RING SCREW WORKS

1. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—GRIEV-
   ANCE PROCEDURE—DUTY OF FAIR REPRESENTATION—EXHAUS-
   TION OF REMEDIES.

   An employee may bring an action for wrongful discharge against
   his employer without first exhausting the grievance procedure
   provided in a collective bargaining agreement if the employee
   can prove that the union, as his bargaining agent, breached its
   duty of fair representation.

2. LABOR RELATIONS—WRONGFUL DISCHARGE—COLLECTIVE BARGAIN-
   ING AGREEMENT—GRIEVANCE PROCEDURE—DUTY OF FAIR REP-
   RESENTATION.

   An employee who alleged that he was wrongfully discharged by
   his employer and who has exhausted the grievance procedures
   provided in a collective bargaining agreement is not precluded
   from bringing an action against the employer for the wrongful
   discharge merely because the union did not breach its duty of
   fair representation of the employer.

3. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—COURTS
   —RESOLUTION OF DISPUTE.

   It is not the province of the court to direct the methods employed
   by the parties to a collective bargaining agreement for resolu-
   tion of their disputes.

4. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—GRIEV-
   ANCE PROCEDURE—EXCLUSIVE REMEDY—COURTS—PROCESSES OF
   COURTS.

   A stated grievance procedure in a collective bargaining agree-
   ment is the exclusive remedy available to the parties to the
   agreement unless otherwise provided; therefore, an employee
   who alleged that he was wrongfully discharged and who ex-
   hausted the grievance procedure which culminated in a strike
   vote, in which the union voted not to strike in support of his

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 48 Am Jur 2d, Labor and Labor Relations §§ 1304–1308,
   1314.
[3] 48 Am Jur 2d, Labor and Labor Relations §§ 424, 1335 et seq.

claim, is not entitled to the processes of the court for contesting or avoiding the final decision of the union.

5. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—GRIEVANCE PROCEDURE—ARBITRATION—ACCESS TO COURTS.

    The fact that arbitration is not used as a method of resolving disputes between the parties to a collective bargaining agreement does not allow the parties automatic access to the courts where the agreement does provide a method of resolving grievances in a final and binding manner.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 January 9, 1975, at Detroit. (Docket No. 19462.) Decided March 12, 1975. Leave to appeal applied for.

Complaint by Fred W. Breish against Ring Screw Works for damages for wrongful discharge from employment. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Edward M. Miller,* for plaintiff.

*Hyman & Rice* (by *Stanley H. Slazinski*), for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. This is an appeal from an order granting defendant's motion for summary judgment denying an employee the right to sue his former employer for wrongful discharge.[1]

Plaintiff employee instituted suit in the Oakland County Circuit Court against defendant employer for wrongful discharge and against his union for breaching its duty of fair representation. The un-

---

[1] Defendant, at the time of plaintiff's discharge, had a collective bargaining agreement with the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, Local 77.

ion, after having the suit against it removed to Federal District Court, was exonerated of the charge. The Federal court remanded plaintiff's cause against defendant to the state circuit court. The circuit court judge granted a summary judgment in defendant's favor because he found *Vaca v Sipes,* 386 US 171; 87 S Ct 903; 17 L Ed 2d 842 (1967), requires an employee to establish both that he was unjustly discharged and that the union breached its duty of fair representation. The trial judge found plaintiff was collaterally estopped from bringing this action as the Federal court ruled that the union did not breach any duty to plaintiff.

We affirm the trial court's holding; however, we do so for different reasons.

The United States Supreme Court in *Vaca v Sipes, supra,* held that an employee may bring an action against his employer without first exhausting the grievance procedure provided in a collective bargaining agreement, if the employee can prove the union as his bargaining agent breached its duty of fair representation.

The collective bargaining agreement in effect between the parties provided the following grievance procedures:

### Article IV

### Grievance Procedure

"Section 1. Should a difference arise between the Company and the Union, or its members employed by the Company as to the meaning and application of the provisions of the agreement, an earnest effort will be made to settle it as follows:

"Step 1. Between the employee, his steward, and the foremen of his department. If a satisfactory settlement is not reached, then

"Step 2. Between the Shop Committee, with or without the employee, and the Company management. If a satisfactory settlement is not reached, then

"Step 3. The Shop Committee and the Company may call in an outside representative to assist in settling the difficulty.

"Section 2. (a) Grievances alleging an unjust or discriminatory discharge must be submitted in writing to the foreman involved within two (2) working days of the discharge. The Company must render a final decision through the grievance procedure within four (4) working days of the receipt of such grievance.

(b) Any employee who, as the result of such grievance is reinstated, shall be paid by the Company for the time which he would otherwise have worked for the Company and shall be returned to his regular job at his previous rate.

"Section 3. The Company shall not consider the grievances of any individual employee unless it is presented in writing under the grievance procedure within five (5) working days of their occurrence, excepting discharges which are governed by the preceding section.

"Section 4. Members of the Shop Committee and Chief Stewards shall be allowed the necessary time to adjust grievances.

"Section 5. An agreement reached between the Company and the Shop Committee under the grievance procedure shall be binding on all employees affected and cannot be changed by any individual.

\* \* \*

### Article XVI

### General

"Section 7. The Union will not cause or permit its members to cause, nor will any member of the Union take part in any strike, either sit-down, stay-in or any other kind of strike, or other interference, or any other stoppage, total or partial, of production at the Company's plant during the terms of this agreement until all negotiations have failed through the grievance procedure set forth herein. Neither will the Company engage

in any lockouts until the same grievance procedure has been carried out."

It is undisputed that plaintiff exhausted the grievance procedures provided in the collective bargaining agreement. It is also uncontroverted that by the judgment of the Federal District Court, the union did not breach its duty of fair representation. This being so, we reject the trial court's conclusion that plaintiff is precluded from bringing his action merely because the union did not breach any duty to the plaintiff.

We view the primary question of this appeal to be whether a union employee may resort to the courts where, having been discharged, the collective bargaining agreement provides no right to arbitration of the dispute. Our United States Supreme Court has construed Congress's explicit labor policy[2] as requiring the courts to give full play to the means chosen by the parties to a collective bargaining agreement for the settling of their differences. *United Steelworkers v American Mfg Co,* 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960). The courts have continually sanctioned the peaceful means selected by the parties to resolve their differences, be it arbitration, contractual grievance procedures, the courts, or the picketline. *Haynes v United States Pipe & Foundry Co,* 362 F2d 414 (CA 5, 1966).

In the instant case, the parties have selected the grievance procedure, together with the strike vote. In all candor, the grievance procedure resulting in some form of arbitration may be a better approach but it is not the Court's province to direct the methods employed for resolution of disputes. In *Republic Steel Corp v Maddox,* 379 US 650, 653; 85

[2] 29 USCA 185(a).

S Ct 614; 13 L Ed 2d 580 (1965), Mr. Justice Harlan stated:

"A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement."

If the grievance procedure is intended by the parties to be final and exclusive, then an employee can be barred from maintaining an action. *Republic Steel v Maddox, supra; Haynes v United States Pipe & Foundry, supra.*

Can we say that from this contract the parties intended the procedure to be final and binding? The Court in *Haynes, supra,* pp 417, 418, was confronted with a similar grievance procedure. They spoke to the problem as follows:

"His claim was carried to the point where it would have been necessary for his union to notify the employer of its intention to strike in support of his claim. At this point, the decision denying him relief was 'final' under the terms of the collective bargaining agreement. Are the processes of the court now available to him for contesting or avoiding that final decision?

\* \* \*

"The fact of the matter here is that the union processed appellant's grievance up to the point of striking. The denial of his claim then became final. We believe the law to be that his claim was thereby barred. The court has jurisdiction. *Smith v Evening News Association, supra* [371 US 195; 83 S Ct 267; 9 L Ed 2d 246 (1962)]. The action under the grievance procedure, here a final decision under the terms of the agreement, may

be asserted in bar as an affirmative defense. That is this case, and thus it must be affirmed."

In the instant case, after defendant had issued its final decision to discharge, plaintiff formally requested a strike vote of his union. The local union rejected plaintiff's request to carry the matter further by voting not to strike in support of his claim. It was at this point that the decision denying plaintiff relief became final.

Are the processes of the court now available to the plaintiff for contesting or avoiding a final decision? We think not. The clear inference to be drawn from the line of cases cited from the United States Supreme Court is that unless otherwise provided the stated grievance procedure is the exclusive remedy available to the parties. See also *Berry v Michigan Bell Telephone Co,* 319 F Supp 401 (ED Mich, 1967), and *Markarian v Roadway Express Inc,* 56 Mich App 43; 223 NW2d 356 (1974).

Plaintiff cites *Alarcon v Fabricon Products Division of Eagle-Picher Co,* 5 Mich App 25; 145 NW2d 816 (1966), as support for his contention. To the extent that *Alarcon, supra,* is contrary to this opinion, we decline to follow it. The many Federal cases here cited and decided after *Alarcon, supra,* lead us to the conclusion that where the contract provides a method of resolving grievances in a final and binding manner, the fact that arbitration is not used as a method of resolving disputes does not allow the parties automatic access to the courts.

Affirmed.