Gladys **HILDRETH**, Plaintiff-Appellant,

v.

**UNION NEWS COMPANY**, a New York Corporation, Defendant-Appellee.

No. 15098.

United States Court of Appeals Sixth Circuit.

April 12, 1963.

Dee Edwards, Detroit, Mich., for appellant.

Lester S. Moll, Detroit, Mich. (Moll, Desenberg, Purdy, Glover & Bayer, Detroit, Mich., on brief), for appellee.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The facts in this case are fully stated in Union News Company v. Hildreth, 295 F.2d 658, C.A.6th. For our present purposes the following summary is considered sufficient.

The plaintiff was one of a crew of eleven or twelve persons employed by the defendant in its operation of a soda fountain and lunch counter at the Michigan Central Railroad terminal at Detroit. She was a member of the Hotel and Restaurant Employees and Bartenders International Union, AFL, Detroit Local Joint Executive Board, hereinafter referred to as the Union, which was the designated bargaining representative of defendant's employees. During the period of time here involved there was a collective bargaining agreement between the defendant and the Union, which contained the provision, "No regular employe covered by this Agreement shall be discharged except for just cause."

Defendant became concerned about its cost experience and poor operating results at the counter where plaintiff worked, which apparently resulted from mishandling of merchandise and money by unidentified employees. It discussed its problem with the Union and opened its books to the business agents of the Union, who made their own examination and analysis of defendant's continuing problem, and concluded that some action had to be taken to remedy the situation. After discussion between the defendant and the Union, a course of action was agreed to between them which was put into effect and ultimately lead to the permanent replacement of the plaintiff as an employee with the approval of the Union.

Plaintiff met with Union officers at the various levels of authority and with the Union's grievance committee in an effort to get the Union to take action against the defendant in her behalf. She was told that the Union was convinced that her discharge was for just cause. No grievance was ever presented by the Union on plaintiff's behalf.

Plaintiff thereafter filed her individual complaint in this action alleging that she was discharged by the defendant without just cause in violation of the terms and conditions of the bargaining agreement between the defendant and the Union and seeking $30,000.00 in damages plus lost wages to the date of trial. A first trial of the case resulted in a verdict and judgment of no cause of action. A new trial was ordered, which resulted in a verdict and judgment in plaintiff's favor for $5,000.00. On appeal to this Court the judgment was reversed and a new trial ordered. Union News Company v. Hildreth, supra, 295 F.2d 658, C.A.6th.

In reaching that conclusion we were of the opinion that under Section 159(a), Title 29, United States Code, the Union was the exclusive representative of all of the employees in the unit involved for the purposes of collective bargaining, and that such statutory power, in combination with the terms of the bargaining contract, authorized the Union and the defendant to mutually conclude, as a part of the bargaining process, that the circumstances shown by the evidence provided just cause for the layoff and discharge of the plaintiff and other of defendant's employees, and that plaintiff's discharge was not a breach of contract by the defendant. We also pointed out that there was no evidence from which a jury could find that in agreeing to lay off and then discharge plaintiff and her co-workers in an effort to solve defendant's problems, there was any fraud, bad faith or collusion on the part of, or between, the Union's and defendant's agents. The reasons for our conclusions were stated at length in the opinion, with the citation of supporting authorities.

On the new trial, the District Judge, relying upon the ruling and opinion of this Court, entered a directed verdict in favor of the defendant of no cause of action, which was followed by this appeal.

We find no merit in plaintiff's contention that evidence which was introduced at the last trial in addition to that introduced at the previous trial was sufficient to take the case to the jury, even though the evidence introduced in the previous trial may not have been sufficient. We do not think there is any material difference in the evidence introduced at the two trials. The basic facts, upon which we concluded that as a matter of law the plaintiff had no cause of action, are not in dispute.

Plaintiff contends that in our previous ruling we gave no effect to the proviso in Section 159(a), Title 29, United States Code, to the effect that any individual employee shall have the right at any time to present grievances to their employer and to have such grievances adjusted without the intervention of the bargaining representative. It is pointed out that any reliance which we may have placed upon Association of Westinghouse Salaried Employees v. Westinghouse Corp., 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510, in making our ruling was not justified in view of the recent decision in Smith v. Evening News Association, 371 U.S. 195, 199, 83 S.Ct. 267, 9 L.Ed.2d 246, on December 10, 1962, which held that the ruling in the Westinghouse case is no longer authoritative as a precedent.

We pass without comment so much of plaintiff's argument which challenges the correctness of our previous ruling, with the exception of the reference to a change in the applicable law by the recent decision of the Supreme Court in Smith v. Evening News Association, supra. Subject to the effect of that case, if any, our previous ruling is the law of this case and will not be reconsidered on this second appeal. Carpenter v. Durell, 90 F.2d 57, 58, C.A.6th, cert. denied, 302 U.S. 721, 58 S.Ct. 42, 82 L.Ed. 557; Louisville Trust Co. v. National Bank of Kentucky, 102 F.2d 137, 139, C.A.6th, cert. denied, 308 U.S. 564, 60 S.Ct. 76, 84 L.Ed. 474.

The change in the law resulting from the ruling in Smith v. Evening News Association, supra, in our opinion, does not affect our previous ruling. In

making our ruling, we expressly stated (295 F.2d at p. 665) that we did not rely upon authorities which have held that under such a contract as here involved, only the Union can process a grievance and if a Union refuses or neglects to do so, an aggrieved employee is without remedy against his employer. The right of an individual employee to process an alleged grievance is not the issue in this case. Rather, it is whether, under the circumstances here involved, the Union had the authority, acting in the collective interest of those whom it represented, to agree with the defendant on necessary corrective measures to be taken without such action being treated as a breach of the collective bargaining agreement. As stated above, we held such authority existed and was properly exercised.

The judgment is affirmed.