Florence SIMMONS, Plaintiff-Appellant,

v.

UNION NEWS COMPANY, a New York Corporation, Defendant-Appellee.

No. 15955.

United States Court of Appeals
Sixth Circuit.

Decided Feb. 26, 1965.

Dee Edwards, Detroit, Mich., for appellant.

Lester S. Moll, Detroit, Mich., Moll, Desenberg, Purdy, Glover & Bayer, Detroit, Mich., on brief, for appellee.

Before MILLER and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The plaintiff, Florence Simmons, was an employee of the defendant, Union News Company, serving as one of a group of eleven or twelve counter girls at the lunch counter operated by the defendant at the Michigan Central Railroad terminal at Detroit, Michigan. She was a member of the union which was the designated bargaining representative of defendant's employees. The collective bargaining agreement contained a provision that no regular employee "shall be discharged except for just cause."

It developed that the lunch counter was not being operated as efficiently and profitably as it should have been, apparently because of mishandling of merchandise and money, although defendant did not know which employee or employees were responsible. After full discussion of the problem with the union and the union's own investigation in the matter, it was agreed by defendant and the union that five of the counter employees be given a layoff and be replaced by new employees. If improvement resulted after a short trial period the union agreed the laid off employees should not be rehired. Following the replacement of the five employees, one of whom is the plaintiff in the present suit, and another of whom was Gladys Hildreth, the defendant's operations improved and the union agreed that the replacement of the five employees be permanent.

Both Gladys Hildreth and the present plaintiff filed separate actions in the District Court seeking damages for breach of the collective bargaining agreement by the defendant on the ground that they had been discharged from defendant's employ without just cause. It is asserted by the defendant that the present action was placed on a suspended docket to await the final disposition of the related Hildreth case on the supposition that the final disposition of the Hildreth case would control the disposition of the present case.

The Hildreth case has been finally disposed of in a ruling by this Court affirming the entry of a directed verdict in favor of the defendant. Union News Company v. Hildreth, 295 F.2d 658, C.A. 6th; Hildreth v. Union News Company, 315 F.2d 548, C.A. 6th, cert denied, 375 U.S. 826, 84 S.Ct. 69, 11 L.Ed.2d 59. Reference is made to those two opinions for a more detailed statement of the facts and a discussion of the legal principles involved.

Particular reference is made, without repeating the facts here, to the efforts of the laid-off employees to have the union press their claims and to the decision of the union that there was just cause for the discharge and to decline to do so, in that the discharges were not a breach of the contract by the defendant. (295 F.2d at p. 661.) As a result of the position taken by the union, Gladys Hildreth and the present plaintiff, Florence Simmons, filed their separate actions in the District Court.

In making the ruling in the Hildreth case, we held that the collective bargaining power of the union was not exhausted upon the execution of the collective bargaining contract, that considering the statutory authority of the union as the bargaining agent, the language of the collective bargaining agreement and the undisputed facts as to the good faith bargaining between the union and the defendant, it was within the authority of the union as bargaining agent to agree with defendant that there was just cause for the discharge and that it was not a breach of the contract by the defendant. (295 F.2d at p. 663, 315 F.2d at p. 551.)

The plaintiff in the present case, whose attorney also represented the plaintiff in the Hildreth case, has not accepted the ruling in the Hildreth case as being dispositive of this case. However, in her attempt to go forward with the present case, the District Judge applied the ruling in the Hildreth case and sustained the defendant's motion for summary

judgment, from which ruling this appeal was taken. Before doing so, he permitted the plaintiff to direct discovery interrogatories to the manager of the lunch counter, which was done. On the basis of the answers given, he ruled that the conclusion that the testimony in this case would be no more favorable to the plaintiff than the testimony in the Hildreth case was inescapable, and that there was no genuine issue of any material fact involved. Rule 56(c), Rules of Civil Procedure.

■ It was proper for the District Judge to consider answers to interrogatories in ruling on the motion for summary judgment. Sager Glove Corporation v. Aetna Insurance Co., 317 F.2d 439, 442, C.A. 7th, cert. denied, 375 U.S. 921, 84 S.Ct. 266, 11 L.Ed.2d 165; American Airlines v. Ulen, 87 U.S.App.D.C. 307, 186 F.2d 529, 531–532. See: United States v. Kansas Gas & Electric Company, 287 F.2d 601, 603, C.A. 10th.

■ With respect to the factual situation involved, we concur in the ruling of the District Judge. Reynolds v. Atlantic Coast Line R. Co., 196 F.2d 643, C.A. 5th. The determination of the existence of such an issue must rest upon something more tangible than mere speculation. Chesapeake & Ohio Railway Co. v. International Harvester Co., 272 F.2d 139, 142, C.A. 7th; Zampos v. United States Smelting, Refining and Mining Co., 206 F.2d 171, 173–174, C.A. 10th.

■ Although there may not be any genuine issue of material fact involved, a motion for summary judgment should not be sustained unless on the facts thus shown the moving party is entitled to judgment as a matter of law. Fowler v. Tennessee Valley Authority, 321 F.2d 566, 569, C.A. 6th. Appellant, accordingly, urges upon us a reconsideration of our ruling in the Hildreth case.

■ It is contended that our ruling in that case was based upon the law of Michigan, with strong reliance being placed upon Cortez v. Ford Motor Co., 349 Mich. 108, 84 N.W.2d 523, and that since then it has been held by the United States Supreme Court that a cause of action arising under Section 301 of the Labor Management Relations Act, Section 185, Title 29 United States Code, is controlled by federal law, even though brought in a state court. Humphrey v. Moore, 375 U.S. 335, 343–344, 84 S.Ct. 363, 11 L.Ed.2d 370, rehearing denied, 376 U.S. 935, 84 S.Ct. 697, 11 L.Ed.2d 655. Even so, Humphrey v. Moore, does not hold that our ruling in the Hildreth case is an incorrect one or that the applicable federal law is different from the Michigan law. In fact, we find in its reference to Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048, and in its quoting from the opinion in that case (375 U.S. at p. 349, 84 S.Ct. 363) implied approval of the ruling in Cortez v. Ford Motor Co., supra, 349 Mich. 108, 84 N.W.2d 523, and of our ruling in the Hildreth case.

■■ We agree with appellant that the judgment in the Hildreth case is not res judicata of the claim in the present case. The present plaintiff was not a party to that litigation. United States v. Pink, 315 U.S. 203, 216, 62 S.Ct. 552, 86 L.Ed. 796; Lawlor v. National Screen Service Corp., 349 U.S. 322, 329, 75 S.Ct. 865, 99 L.Ed. 1122, dismissed under Rule 60, 359 U.S. 951, 79 S.Ct. 737, 3 L.Ed.2d 674. But the doctrine of stare decisis is applicable. Cold Metal Process Co. v. E. W. Bliss Co., 285 F.2d 231, 236, C.A. 6th, cert. denied, 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235. We adhere to our ruling in the Hildreth case.

The judgment of the District Court is affirmed.