368 F.2d 412
 UNITED INDUSTRIAL WORKERS OF the SEAFARERS INTERNATIONAL
UNION OF NORTH AMERICA, ATLANTIC GULF, LAKES AND
INLAND WATERS DISTRICT, MARINE ALLIED
WORKERS DIVISION, AFL-CIO, Appellant,
v.
BOARD OF TRUSTEES OF the GALVESTON WHARVES, and the City of
Galveston, Texas, Appellees.
BOARD OF TRUSTEES OF the GALVESTON WHARVES and the City of
Galveston, Texas, Appellants,
v.
UNITED INDUSTRIAL WORKERS OF the SEAFARERS INTERNATIONAL
UNION OF NORTHAMERICA, ATLANTIC GULF, LAKES AND
INLAND WATERS DISTRICT, MARINE ALLIED
WORKERSDIVISION, AFL-CIO, Appellees.
 No. 23929.
 United States Court of Appeals Fifth Circuit.
 Nov. 16, 1966.
 
 Newton B. Schwartz, Houston, Tex., C. Paul Barker, Dodd, Hirsch, Barker & Meunier, New Orleans, La., for appellants.
 V. W. McLeod, McLeod, Alexander, Powel & Apffel, Galveston, Tex., for appellees.
 Before JONES and DYER, Circuit Judges, and SPEARS, District Judge.
 DYER, Circuit Judge:
 
 
 1
 This is the second appearance of this case before us. On the first appeal this Court reversed the District Court's denial of the Union's application for a preliminary injunction.[1]
 
 
 2
 We observe, in limine, that the main thrust of appellee's argument on this appeal and cross-appeal, and reiterated in its post-argument supplemental brief, is that this court's prior opinion was erroneous, and that we should therefore review and revise the conclusions therein reached. Our previous ruling is the law of this case and will not be reconsidered on this second appeal. Hildreth v. Union News Company, 6 Cir. 1963, 315 F.2d 548.
 
 
 3
 The facts are set forth in our prior opinion and need not be fully restated.
 
 
 4
 Under he collective bargaining agreement between the Carrier, Galveston Wharves, and the Union, having an expiration date of September 30, 1964, the Union served an opener notice on July 20, 1964, to negotiate. The Carrier declined on July 23, 1964, because it had leased its elevator (where the employees worked), and gave notice of a lay-off on July 31, 1964. On July 29, 1964, the Union served a 'Section 6'[2] notice under the Railway Labor Act, 45 U.S.C.A 156.
 
 
 5
 The Union sought and was denied a preliminary injunction. In reversing we said that the dispute was major, not minor; and that after a timely demand by the Union under Section 6, the Carrier was required to bargain before it could put into effect, during the term of the collective bargaining agreement, a lease which would put to an end the need for its employees. We concluded by saying:
 
 
 6
 'We think that we need not direct that the lease be unscrambled at this time. But these employees' rights have been so clearly violated, some suitable relief and sanction should be imposed so that bargaining about this operational termination, now so long delayed, may go forward. We do not blueprint these matters. They are best left to the discretion of the District Judge.' 351 F.2d at 191, 192.
 
 
 7
 On remand, the order entered on the mandate merely required the parties to bargain in good faith and failed to impose any sanctions. It is plain that this order did not provide the suitable relief and sanction that this Court found to be not only appropriate but necessary. Although recognizing that returning the parties to their pre-lease status would be the usual remedy under these circumstances, the District Court nevertheless refused, on the ground of hardship, to afford any relief. The District Court apparently mistook the breadth of the discretion afforded it for the existence of discretion, for the discretion granted the District Court was not whether to restore the status quo but only how to restore it. There must be an impact on the duty to bargain to prevent the employer from getting a windfall for having violated the Act, while protecting the employees' benefits against the lapse of time. While we did not foreclose the possibility that the lease might have to be unscrambled-- a literal restoration of the status quo-- we felt that something less could be substituted, so long as the employees were put substantially in the same position as if Galveston Wharves had complied with the Act.[3]
 
 
 8
 We must, and do, again emphasize that some suitable relief and sanction should be imposed so that bargaining, now even longer delayed, may go forward. Again we leave these matters to the sound discretion of the District Judge.
 
 
 9
 The Union also sought to have the District Court modify injunctions it issued at the instance of the National Labor Relations Board in an entirely different proceeding, in which Galveston Wharves was not a party, restraining the Union from picketing and striking. The District Court's refusal to do so was proper.
 
 
 10
 Finally, Galveston Wharves' assignment of error in its cross appeal, that the District Court refused its tender of evidence, bearing on the construction to be given the 'management rights clause' of the bargaining agreement, is without merit. The District Court correctly rejected this as irrelevant in view of this Court's prior opinion.
 
 
 11
 The order of the District Court is affirmed as to its refusal to modify the injunctions to permit the Union to picket and strike, and is otherwise reversed and remanded for further proceedings not inconsistent with the views herein expressed.
 
 
 12
 Affirmed in part and reversed in part.
 
 
 
 [1]
 351 F.2d 183 (5 Cir. 1965)
 
 
 [2]
 '6. Carriers and representatives of the employees shall give at least thirty days' written notice of an intended change in agreements affecting rates of pay, rules, or working conditions * * *. In every case where such notice of intended change has been given * * * rates of pay, rules, or working conditions shall not be altered by the carrier until the controversy has been finally acted upon, as required by section 5 of this Act, by the Mediation Board, unless a period of ten days had elapsed after termination of conferences without request for or proffer of the services of the Mediation Board.' 45 U.S.C.A. 156
 
 
 [3]
 See, e.g., the interim wage plan approved Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas Railroad Co., 5 Cir., 1959, 266 F.2d 335, reversed on other grounds 1960, 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed.2d 1379; cf. NLRB v. American Mfg. Co. of Texas, 5 Cir., 1965, 351 F.2d 74