**Frank FORTUNE and Leroy Moore, Plaintiffs-Appellants,**

v.

**NATIONAL TWIST DRILL & TOOL DIVISION, LEAR SIEGLER, INC., Defendant-Appellee.**

Nos. 80–1516, 80–1631, 80–1632.

United States Court of Appeals, Sixth Circuit.

Argued March 5, 1982.

Decided July 30, 1982.

Joseph A. Golden, Lawrence Katkowsky, Southfield, Mich., for plaintiffs-appellants.

W. Robert Chandler, Dan W. Chandler, Michael A. Holmes, Cross, Wrock, Miller, & Vieson, Bloomfield Hills, Mich., for defendant-appellee.

Before EDWARDS, Chief Judge, WEICK, Senior Circuit Judge and PORTER,* Senior District Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

This appeal involves two employees' claims that they are entitled to have the

---

* Honorable David S. Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

federal courts review their discharges by defendant employer. In neither instance does the employee allege that the union which had a labor management contract with the employer breached its duty of fair representation. Additionally, there is no dispute but that in each instance the grievance was filed concerning each discharge and was prosecuted by the union through a four-step grievance procedure without any agreement being reached.

Another portion of the labor contract provided that the union could strike if "all negotiations have failed through the grievance procedure." In each of these instances, while the final decision was that of management, since the labor management contract did not provide for arbitration, the union's only recourse in further prosecuting the grievance would be to strike. In each instance, the membership of the union voted not to strike.

As indicated above, neither employee claimed that the union had breached its duty of fair representation toward him or sought further action by the union within the provisions of its Constitution and By-Laws. On these facts, District Judge Taylor who granted summary judgment in this case, relied upon *Haynes v. Pipe & Foundry*, 362 F.2d 414 (5th Cir. 1966).

 Where the parties have failed to agree upon arbitration as a method of breaking a deadlocked dispute over a grievance, we are cited to no provision of federal law which gives the federal courts the power to make the decision for the parties. In *Haynes*, the Fifth Circuit reasoned:

Congress explicitly stated, by way of a policy, in § 203(d) of the Taft-Hartley Act, 29 U.S.C.A. § 173(d), that in settling grievance disputes, the Act contemplated that the method agreed upon by parties to collective bargaining agreements should be the means of settling such disputes.[2] In suits under § 301(a), the Supreme court construed this policy as requiring the courts to give full play to the means chosen by parties to a collective bargaining agreement for settlement of their differences. *United Steelworkers v.*

*American Mfg. Co.*, 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; see also *Lodge No. 12, Dist. No. 37, Int'l Ass'n of Machinists v. Cameron Iron Works, Inc.*, 5 Cir., 1961, 292 F.2d 112, cert. den., 368 U.S. 926, 82 S.Ct. 361, 7 L.Ed.2d 190.

Id. at 416. (footnote omitted)

The Fifth Circuit's position was further explained in a per curiam wherein Judges Wisdom, Coleman and Simpson adopted a District Court opinion containing the following language in *Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167 (5th Cir. 1971):

Assuming that grievance procedures have been exhausted by the union, the individual grievant is ordinarily bound by a resulting adverse decision which is "final" and "binding" on the parties to the contract. *Boone v. Armstrong Cork Co.*, 5 Cir., 384 F.2d 285 (1967); *Haynes v. United States Pipe & Foundry Co.*, 5 Cir., 362 F.2d 414 (1966). "Final adjustment by a method agreed upon by the parties" being the declared goal of federal labor policy,[10] courts will refuse to review the merits of such a decision [11].

---

[10] Section 203(d), Labor Management Relations Act, 29 U.S.C.A., Section 173(d).

[11] *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers, etc. v. Warrior & Gulf Nav. Co.* [363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409], supra; *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

Id. at 171.

We recognize that the failure to provide a remedy for the individual employee has been questioned in *Ford v. General Electric*, 395 F.2d 157, 159 (7th Cir. 1968) and by the Supreme Court of Michigan in *Breish v. Ring Screw Works*, 397 Mich. 586, 248 N.W.2d 526 (1976). This issue is not, however, entirely novel in this court. *See Hildreth v. Union News Co.*, 315 F.2d 548 (6th Cir.), *cert. denied*, 375 U.S. 826, 84 S.Ct. 69, 11 L.Ed.2d 59 (1963) and *Simmons v. Union News Co.*, 341 F.2d 531, 533 (6th Cir.), *cert. denied*, 382 U.S. 884, 86 S.Ct. 165, 15 L.Ed.2d 125 (1965). In the latter case, this court relied in part upon *Cortez v. Ford*

*Motor Co.,* 349 Mich. 108, 84 N.W.2d 523 (1957) and upon *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1954). The critical passage in the prevailing opinion written by Mr. Justice Burton is as follows:

> Any authority to negotiate derives its principal strength from a delegation to the negotiators of a discretion to make such concessions and accept such advantages as, in the light of all relevant considerations, they believe will best serve the interests of the parties represented. A major responsibility of negotiators is to weigh the relative advantages and disadvantages of differing proposals. A bargaining representative, under the National Labor Relations Act, as amended, often is a labor organization but it is not essential that it be such. The employees represented often are members of the labor organization which represents them at the bargaining table, but it is not essential that they be such. The bargaining representative, whoever it may be, is responsible to, and owes complete loyalty to, the interests of all whom it represents. In the instant controversy, International represented, with certain exceptions not material here, all employees at the Louisville works, including both the veterans with, and those without, prior employment by Ford, as well as the employees having no military service. Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.

*Id.* at 337–38, 73 S.Ct. at 685–86.

While it may be argued that the foregoing general language by a unanimous court does not dispose of all issues in our instant case, it does serve to indicate the nature of the responsibility placed by federal law upon the parties who sit down to the bargaining table. The individual employee's right of fair representation is vindicated primarily under the National Labor Relations Act which gives said employee the right to sue the union as bargaining representative for bad faith representation. *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Ford Motor Co. v. Huffman, supra.; see* 29 U.S.C. § 157, § 159(a).

It appears that the last chapter of this problem yet written in the Supreme Court may well consist of a brief order denying certiorari in *Simmons v. Union News Co.,* 341 F.2d 531 (6th Cir. 1965), which order was joined by all members of the court except Mr. Justice Black and Chief Justice Warren. *Simmons v. Union News Co.,* 382 U.S. 884, 86 S.Ct. 165, 15 L.Ed.2d 125 (1965). *See also Vaca v. Sipes,* 386 U.S. 171, 203, 87 S.Ct. 903, 923, 17 L.Ed.2d 842 (1967) (Black, J. dissenting). The most thorough consideration may well be the concurring opinion of Mr. Justice Goldberg with Mr. Justice Brennan joining in *Humphrey v. Moore,* 375 U.S. 335, 351, 84 S.Ct. 363, 372, 11 L.Ed.2d 370 (1964).

The Judgment of the District Court is affirmed.