798 F.2d 1413
 124 L.R.R.M. (BNA) 2360
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl AGATE, et al., Plaintiffs-Appellants,
v.
GENERAL MOTORS CORP., a Delaware Corp., Defendant-Appellee.
 No. 85-1666.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and Celebrezze, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellants, Earl Agate, et al., appeal Judge Gibson's decision of July 18, 1985, from the United States District Court, Western District of Michigan, denying plaintiffs' motion to amend the pleadings pursuant to Fed. R. Civ. P. 59(e). Significantly, plaintiff has not appealed Judge Gibson's June 18, 1985 opinion, which granted summary judgment in favor of defendant in plaintiffs' Sec. 301 suit alleging the union's unfair representation. Plaintiffs allege that the union unfairly represented them by not bringing a 1970 oral agreement, concerning lay-offs for employees in training (EIT's), to arbitration. We find no abuse of discretion, and affirm the decision below. The only issue which concerns us is whether the district judge abused his discretion in denying plaintiffs' motion to amend the pleadings so that plaintiffs could proceed to trial against General Motors alone.
 
 
 2
 Judge Gibson correctly noted that plaintiffs' complaint began a four-step , grievance procedure as provided by a collective bargaining agreement. In the instant case, plaintiffs' grievance went through the third step of the grievance procedure. The fourth and final step, arbitration, was requested, but not pursued by the union, because Paragraph 46 of the National Agreement only allows the umpire to consider written agreements. Thus, the oral agreement was not a proper subject for arbitration. This grievance procedure was to be the exclusive, final and binding means of settling disputes. This Court in Fortune v. National Twist Drill & Tool Division, 684 F.2d 374 (6th Cir.1982) held that an employee is bound by the finality provisions of a contractually established grievance procedure, even though the procedure does not provide for arbitration. Accordingly, Judge Gibson was well within his discretion in denying plaintiffs' motion to amend. AFFIRMED.