896 F.2d 554
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter A. WALKER, Plaintiff-Appellant,
v.
CONSUMERS POWER CO., Defendant-Appellee.
 No. 88-2024.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1990.
 
 Before NELSON and BOGGS, Circuit Judges, and WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Walter Walker, the plaintiff below, appeals pro se from the dismissal without prejudice of his pendent state law claim after it alone was remanded for a new trial. Appellant argues that the district court was required to conduct a retrial and had no discretion to dismiss the claim for lack of jurisdiction. Today, we again hold that the district court retained the discretion to either retry or dismiss the pendent state claim.
 
 
 2
 * Mr. Walker was employed by defendant-appellee as a senior engineer in the Nuclear Fuel Supply Department. On March 19, 1980 he was fired from his job and his first amended complaint, filed on July 22, 1981, contained five counts: (1) violation of 42 U.S.C. Sec. 1981; (2) breach of contract; (3) fraudulent misrepresentation; (4) tortious injury to reputation; and, (5) libel and slander.
 
 
 3
 The action came to trial on May 7, 1984 on only the first three counts of the first amended complaint. Mr. Walker attempted to prove under Count I that he was subjected to "an ongoing course of unlawful discrimination by the Defendant solely on account of Plaintiff's race;" under Count II that "Defendant had an express and implied duty, under the terms of the unwritten employment agreement entered into between [the parties] to deal fairly" with plaintiff; and under Count III that defendant fraudulently misrepresented itself when it "assured and promised Plaintiff job security and equal opportunity for advancement."
 
 
 4
 Of the three counts, the first was based on federal law while the second and third were based on state law. The district court exercised its discretion and retained jurisdiction over the pendent state claims. At the time of trial, defendant's motion for directed verdict on the fraudulent misrepresentation claim was granted. Thus, only the Sec. 1981 claim and the breach of contract claim were submitted to the jury.
 
 
 5
 On June 6, 1984 the jury returned its verdict in favor of defendant on the Sec. 1981 claim and in favor of plaintiff on the breach of contract claim and awarded him the sum of $1,194,600 in damages.
 
 
 6
 Defendant appealed the judgment on the breach of contract claim to this Court. Plaintiff did not cross-appeal the district court's dismissal of his fraudulent misrepresentation claim or the jury's finding of no liability on the Sec. 1981 claim. In Walker v. Consumers Power Co., 824 F.2d 499 (6th Cir.1987), cert. den. --- U.S. ----, 108 S.Ct. 711, 98 L.Ed.2d 661 (1988), we reversed the breach of contract judgment and remanded for a new trial limited to that issue. The reversal was necessary because of errors in the jury instructions. Id.
 
 
 7
 On remand, the issue of the court's continuing jurisdiction was raised. On July 13, 1988, defendant moved the court to dismiss plaintiff's state law breach of contract claim. Because the only remaining issue in the case was a pendent state law claim, the district court granted defendant's motion on September 6, 1988. In order to protect plaintiff and allow him to avail himself of a state forum, the district court: 1) dismissed the claim without prejudice; 2) ordered defendant to file a waiver of all applicable statute of limitations defenses; and 3) did not enter the dismissal order until October 6, 1988 so that plaintiff would have adequate time to file his claim in the appropriate state court. Plaintiff now appeals the September 6, and October 6, 1988 orders of the district court.
 
 II
 
 8
 Appellant argues that the district court erred in the following ways: 1) the order remanding the breach of contract claim mandated the district court to retry the issue and left the court without discretion or authority to dismiss it; 2) that a retrial in state court would be inconvenient and unfair to appellant; and 3) appellant's Sec. 1981 claim should have been remanded for retrial along with the breach of contract claim.
 
 
 9
 * The opinion in which the breach of contract claim was remanded for retrial included the following footnote:
 
 
 10
 While the claims remaining to be retried are pendent, we do not believe under United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), that the district court is obligated to dismiss since it is evident that a good-faith case under Sec. 1981 was presented for the jury's consideration and thus was adequate to confer federal question subject matter jurisdiction. The Court's continuing jurisdiction under these circumstances to retry the pendent claim cannot, we believe, be seriously challenged.
 
 
 11
 824 F.2d at 501 n. 1.
 
 
 12
 We do not agree with appellant that the above quoted footnote required the district court to conduct the retrial. Rather, it acknowledges that the district court retained the necessary jurisdiction to retry the case and would not be required to dismiss it. It says nothing about the district court's discretionary power to decline jurisdiction. The fact that the district court is not required to dismiss the case does not mean that it is bound to retry the case.
 
 
 13
 In United Mine Workers, supra, the United States Supreme Court stated:
 
 
 14
 It has consistently been recognized that pendent jurisdiction is a doctrine of discretion and not of plaintiff's right.... Needless decisions of state law should be avoided both as a matter of comity, and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.
 
 
 15
 Id. at 383 U.S. 726-727.
 
 
 16
 The fact pattern before us is analogous to the situation referred to in the above quote where the federal claims are dismissed before trial. Appellant's breach of contract claim was originally supported jurisdictionally by the federal Sec. 1981 claim but now stands alone and is no longer pendent.
 
 
 17
 Whether or not to dismiss a pendent state claim after all federal claims have been disposed of is a question generally left to the discretion of the district court. Kitchen v. Chippewa Valley Schools, 825 F.2d 1004 (6th Cir.1987); Roberts v. City of Troy, 773 F.2d 720 (6th Cir.1985). Moreover, this circuit has consistently expressed a strong policy in favor of dismissing such state law claims. See, Service, Hospital, Nursing Home and Public Employees Union, Local Nol 47 v. Commercial Property Services, Inc., 755 F.2d 499 (6th Cir.1985), cert. den. 474 U.S. 850 (1985); Kurz v. State of Michigan, 548 F.2d 172 (6th Cir.1977), cert. den. 434 U.S. 972 (1977); Gibson v. First Federal Savings & Loan Ass'n of Detroit, 504 F.2d 826 (6th Cir.1974).
 
 
 18
 Although the district court may have had jurisdiction to try the remanded issue, clearly it had the discretion to dismiss the pendent state law claim.
 
 B
 
 19
 Appellant next argues that a retrial of the breach of contract claim in state court would be inconvenient and unfair. This court is not unmindful that submitting a new complaint, paying a new docket fee, awaiting appellee/defendant's new answer, petitioning the state court to accept the evidence and record generated in the first case, the possibility of discovery being reopened, operating under state rules of procedure rather than federal rules, and arguing that the claim is not time-barred will all be inconvenient.
 
 
 20
 The doctrine of forum non conveniens refers generally to the relationship between the geographic location of the forum and the accessibility of willing and unwilling witnesses, the residence of the parties, the location of sources of proof, the location of the events that gave rise to the dispute, and choice of law questions. See, Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947); Schertenlieb v. Traum, 589 F.2d 1156 (2d Cir.1978); Vencedor Manufacturing Co. Inc. v. Gougler Industries, Inc., 557 F.2d 886 (1st Cir.1977).
 
 
 21
 In the present case, appellant speaks only of his personal inconvenience in having to file and pursue his claim in a new forum. This does not give rise to "inconvenience" as contemplated by the rules. Appellant does not allege that retrial in state court will in any way affect his ability to call the necessary witnesses or obtain the proof he needs in order to present his case. The events that gave rise to the dispute occurred in the state of Michigan, both parties are residents of Michigan, and Michigan law will be applied to the facts. None of the factors cited above support appellant's claim of "inconvenience."
 
 
 22
 Appellant's argument that trying the claim in state court would be unfair can be divided into three parts--none of which are persuasive. He first discusses the unfairness of having to retry the breach of contract claim no matter where the retrial is held. Our decision to remand the breach of contract issue was made in the first appeal, Walker, 824 F.2d 499, and is not subject to review in this proceeding. Hildreth v. Union News Co., 315 F.2d 548 (6th Cir.1963), cert. den. 375 U.S. 826 (1963).
 
 
 23
 Appellant's second "unfairness" argument is based on his perception of racial prejudice. In his brief, he makes broad allegations that he will face "extreme" racial prejudice in the state court system and that "[a]ll experienced litigators are aware of the unfairness of throwing a black plaintiff to the bear pit of the state forum." Appellant's brief at p. 11. He also alleges that the federal district court and this court exhibit the same racial animus.
 
 
 24
 Appellant has not included any evidence or citations to the record to support his allegations. After a thorough review of the record we are unable to detect any signs of racial animus or indications that appellant's case was in any way prejudiced. Likewise, we are aware of no evidence that appellant will be subjected to racial discrimination should his claim be retried in the courts of the State of Michigan. What we see before us is a very able pro se litigant who has wrongly attributed his legal setbacks to his race.
 
 
 25
 For his third "unfairness" argument, appellant contends that the district court acted unfairly in remanding his claim to the state court knowing that it might be time barred. In its order granting defendant's motion to dismiss, the district court ordered defendant to file in the appropriate state court a waiver of all statute of limitations defenses if the statutory time period had actually run on the breach of contract claim.
 
 
 26
 Appellant does not state in his brief whether the time has run or, if not, when it will run. Regardless, appellee assures the court in its brief that it is willing to comply with the district court's order and file a waiver of such defenses. Contrary to appellant's allegations, we see no unfairness. Whether the time has run or not, the claim can proceed to trial in the state forum without regard to the applicable statute of limitations.
 
 C
 
 27
 Finally, appellant argues it was error for this court to limit the remand and retrial to the breach of contract claim. He contends that the retrial should also include the Sec. 1981 claim. Our ruling in the first appeal is the law of the case and will not be reconsidered on this second appeal. Hildreth at 550.
 
 
 28
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation